**In the Matter of Robert J. LAMPING and Correll L. Lamping, Debtors.**

**Bankruptcy No. 80–01931.**

United States Bankruptcy Court,
E. D. Wisconsin.

Feb. 11, 1981.

James Ward, Waukesha, Wis., for debtors.

Floyd A. Harris, Polacheck & Harris, Milwaukee, Wis., Trustee in Bankruptcy.

HOWARD W. HILGENDORF, Bankruptcy Judge.

The question for decision is whether the debtors have a $1,200 exemption in an automobile, or the proceeds of sale, where the lien exceeds the value of the automobile but is not valid against the trustee because it was not properly perfected.

The automobile exemption under the Bankruptcy Code is found in Section 522(d)(2) which provides:

> The following property may be exempted under subsection (b)(1) of this section:
>
> (1) . . .
>
> (2) The debtor's interest not to exceed $1,200 in value in one motor vehicle.

It should be noted that the automobile exemption under the new Bankruptcy Code of 1978 applies to the "debtor's interest" not to exceed $1,200 in value in one motor vehicle. It does not exempt $1,200 "worth of automobile." The term "debtor's interest" was used to correct the situation existing in many states, e. g. California, which had a statute which exempted "one motor vehicle of a value not exceeding $100.00." The California court held in the case of *Matter of Fox*, 16 F.Supp. 320 (D.C.) that the exemption applied only to a motor vehicle which did not exceed $100.00 in value and not to any equity a debtor might have in a more expensive automobile. It is obvious that the increase in the price of automobiles has made such statutes obsolete. Therefore, the exemption under Section 522(d)(2) of the 1978 Code applies to any equity not to exceed $1,200 which a debtor may have in an automobile regardless of the value of the machine. *Collier*, 15th Ed. Sec. 522.11.

At the time of filing the petition in bankruptcy the debtors did not have any equity in the automobile because the lien exceeded the value of the automobile. If the trustee had elected to abandon the automobile the debtors would have received nothing because as to them the lien was valid and enforceable. However, the trustee elected to bring a proceeding under Section 544 of the Code to avoid the lien because it was not properly filed with the Motor Vehicle Department. Under Section 544 a lien is not valid against a trustee in bankruptcy if it is not properly perfected. The trustee therefore proposes to sell the vehicle free and clear of the lien. The debtors now wish to claim a $1,200 exemption in the vehicle or the proceeds of sale. The debtors rely upon subsection (g) of Section 522 which provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

There are at least three reasons why Section 522(g) does not apply to the facts under consideration in this case. First, the Statute itself does not include property recovered by a trustee under Section 544. Second, the transfer which the trustee avoided was a voluntary transfer by the debtors and third, the debtors could not have avoided the transfer under Subsection f(2) of Section 522.

■ The first reason is apparent from a simple reading of the Statute. It does not include property recovered by a trustee under Section 544 of the Code.

■ The second reason is based upon the definition of a transfer found in Section 101(40) of the Code. It is there stated that:

"transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.

By executing a security agreement on the automobile, the debtors voluntarily transferred an interest in property, namely a security interest, to the lien holder. Although the debtors retained title to the automobile, the title was only a "bare legal title" and the property interest of the debtors, up to the amount of the lien, was transferred to the lien holder for security purposes. This constitutes a transfer under the provisions of the Bankruptcy Code because as pointed out in the Legislative history to Section 101(40): ". . . a transfer is a disposition of an interest in property. The definition of transfer is as broad as possible . . ." Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 27; House Report No. 95–595, 95th Cong. 1st Sess. (1977) 314, U.S. Code Cong. & Admin.News, 1978, pp. 5787, 5813.

■ Under Section 522(g)(1)(A), quoted above, the debtor can claim an exemption in property recovered by a trustee only if the transfer was *not* a voluntary transfer. If,

for example, a creditor levied execution on the debtor's automobile prior to bankruptcy, and the trustee set aside the levy, the debtor could claim an exemption of $1,200 in the automobile because the transfer was not voluntary. Likewise, transfers to custodians through involuntary receivership proceedings which are set aside might allow the debtor to claim an exemption in the property recovered. On the other hand, fraudulent transfers if voluntarily made, cannot be subject to an exemption claim after the trustee recovers the property because of the limitations in Subsection (1)(A). Likewise transfers of a security interest are voluntary transfers and are not subject to exemption claims by the debtor after the property is recovered by the trustee. To allow such exemption claims would give the debtor a windfall which would enable him to benefit from his own voluntary act.

■ The third reason that Section 522(g) does not apply is that the debtor could not have avoided the transfer under Subsection f(2) merely because the lien was not perfected by a proper filing with the Motor Vehicle Department. As between the parties, the lien is valid regardless of whether or not it is filed, because the filing requirements apply only to certain third parties, including the trustee in bankruptcy. A lien may be avoided by a debtor under Subsection f(2) only if it is a judicial lien, or a non-purchase money security interest which impairs the exemption in certain household goods and other enumerated items *not* including an automobile. A lien created by a security agreement is not a judicial lien. It is a consensual lien and not voidable by the debtor who was a party to the agreement. A judicial lien, as defined in Section 101(27) of the Bankruptcy Code, is described as follows:

"Judicial Lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

A security agreement does not create a judicial lien and is therefore not voidable by the debtor under Section 522(f)(1).

The lien is also not voidable by the debtors under Subsection (f)(2) because an automobile is not included within the description of exempt items in Section 522(f)(2)(A), (B), or (C) upon which a debtor may avoid a non-purchase money lien. *In re Gifford, et al.*, 6 BCD 1377 (1980).

The debtors have filed a one-page brief citing two decisions which they contend allow an exemption in property although the debtors had no equity. These cases are *In re Gorkom*, 4 B.R. 689, 2 CBC 477 (Bkrtcy.) and *In re Ford*, 3 B.R. 559 (Bkrtcy.1980).

The *Gorkom* case dealt with a freezer worth $100 covered by a non-purchase money, non-possessory lien of $836.66. The debtor brought a proceeding to avoid the lien under Sec. 522(f)(2) because the lien impaired the exemption to which the debtor would have been entitled if there had been no lien. The creditor contended that since there was no equity in the property there could be no impairment of an exemption. Judge Ecker rejected the contention of the creditor and held that the lien was voidable under Section f(2) although the debtor had no equity in the property. This court agrees with the result reached by Judge Ecker. Although the debtor had no equity in the freezer, he had possession and the legal title to the property which gave him a sufficient interest in the property to claim an exemption. Since the lien was voidable under Section 522(f)(2), the debtor could also claim an exemption in the property itself up to the value of $200 under the provisions of Section 522(g)(2). However, as pointed out above, a lien on an automobile cannot be voided by the debtor himself under Section 522(f)(2) so he cannot obtain the benefit of Section 522(g).

The *Ford* case was concerned mainly with the Maryland law as it applies to real estate held by a debtor as a tenant by the entirety. The court devoted a number of pages to the principal question and then added one short paragraph dealing with the debtor's furniture and two automobiles. It is true that the court stated at page 576 that, "neither the existence of a lien nor the lack of equity in the debtor prevents the taking of an available exemption." However, a careful examination of the decision at page 576 convinces this court that the learned judges in *Ford* were considering whether the lack of equity in property prevented a debtor from exercising his right to avoid a lien on property under Section 522(f)(2). This court agrees with their conclusion that the lack of equity does not prevent a debtor from claiming an exemption for the purpose of avoiding liens on certain exempt property under Section 522(f)(2). However, if the court is holding that a non-purchase money lien is voidable by a debtor on an automobile under Section 522(f)(2), this court respectfully disagrees with the decision because an automobile is not included within the enumerated items of household goods, wearing apparel, appliances, books, etc. which are specifically described in Section 522(f)(2)(A), (B) and (C).* It is therefore this Court's opinion that the statement in the *Ford* case quoted above is not relevant to the facts under consideration by this court.

For the reasons stated, the debtors are not entitled to receive a windfall of $1,200 because the secured creditor neglected to perfect its lien by a proper filing with the Motor Vehicle Department. The benefit of such failure should enure to all unsecured creditors, including the lien holder who failed to perfect his lien, and not to the benefit of the debtors. Two recent decisions in other districts set forth similar views to those expressed herein. See *Styler v. Local Loan et al.*, 6 B.R. 576, 6 BCD 1208 (Bkrtcy.D.Utah 1980) and *In re Morgan*, 6 B.R. 701, 6 BCD 1202 (Bkrtcy.M.D.Tenn. 1980).

For the reasons stated, the exemption claim of the debtors in the automobile is disallowed.

IT IS SO ORDERED.

---

* See *In re Gifford, et al.*, 6 BCD 1377 (1980).