**In the Matter of Henry James CHAMBELL and Ina Marie Chambell, Debtors.**

**Henry James CHAMBELL and Ina Marie Chambell, Plaintiffs**

v.

**BENEFICIAL FINANCE COMPANY, Defendant.**

**Bankruptcy No. 8101603–SW.**

**Adv. No. 81–1169–SW.**

United States Bankruptcy Court, W. D. Missouri, Southwestern Division.

Jan. 29, 1982.

J. Kevin Checkett, Carthage, Mo., for plaintiffs.

Jack Eisen, Joplin, Mo., for defendant.

ORDER DENYING MOTION OF PLAINTIFFS TO VACATE AND SET ASIDE JUDGMENT OF SEPTEMBER 21, 1981, AS (1) UNTIMELY FILED AND (2) WITHOUT MERIT UNDER THE DOCTRINE OF *IN RE RODROCK*, 642 F.2d 1193 (10th Cir. 1981)

DENNIS J. STEWART, Bankruptcy Judge.

The complaint to avoid the defendant's lien was filed on June 29, 1981. It sought relief under section 522(f)(2) of the Bankruptcy Code with respect to the following articles which were alleged in the complaint to have the following values:

| "Bookcase | $50.00 |
|---|---|
| 2 living room chairs | 35.00 |
| living room couch | 50.00 |
| coffee table | 50.00 |
| end tables | 30.00 |
| double bed with headboard | 75.00 |
| twin beds | 100.00 |
| bedroom dressers | 150.00 |
| bedroom chest of drawers | 100.00 |
| washer | 150.00 |
| refrigerator | 75.00 |
| dinette set (table with 4 chairs) | 50.00 |
| hutch | 150.00 |
| cedar chest | 50.00 |
| | $1,065.00" |

Summons was issued and served upon the defendant, under the terms of which an answer or other responsive pleading was to be served and filed on or before July 14, 1981. On the defendant's motion, the court entered its order granting it leave to file an answer out of time on July 24, 1981, and further directing that, within 15 days of the date of July 30, 1981, the defendant "file for the court's inspection the documents upon which it relies (to) show that its security interest vested prior to November 6, 1978 . . ."

When that order was not complied with, the court entered its order on August 24, 1981, granting the lien avoidance by default judgment. Thereafter, on August 27, 1981, the defendant moved to set aside the final judgment thus entered and for judgment in accordance with a written stipulation to the effect that the above described real property was subject to a lien "created prior to the effective date of the new Bankruptcy Code" and that "it has been agreed between

the Plaintiffs-Debtors and the Defendant-Creditor that upon payment of the sum of $1,065.00 representing the fair market value of the property, that the Debtors will be allowed to redeem that property and that all other debts and security interests between the Debtors and Creditor upon such payment shall be discharged." In accordance with that stipulation, the court entered an order vacating the prior judgment and supplanting it with a new judgment denying the complaint for lien avoidance and granting the plaintiffs the opportunity to redeem the property pursuant to section 722 of the Bankruptcy Code for the payment of its value, $1,065.00.

This new judgment, however, was again only the subject of a new motion to set aside and vacate, this time filed by the plaintiffs on October 16, 1981. This was more than ten days subsequent to the date of entry of the initial judgment granting redemption.

Nevertheless, the court has conducted its inquiry into the substantive allegation on which the plaintiffs have sought vacation of the former judgment—that the security interest in fact vested subsequent to November 6, 1978—and has found it to be meritless for the following reasons.

■ In support of the motion to set aside the judgment denying lien avoidance and granting redemption, the plaintiffs have asserted that the security interest really vested subsequent to November 6, 1978.[1] To support that assertion, they state that they discovered a security agreement dated September 11, 1979, with Beneficial Finance Company, under the terms of which Beneficial generally took a security interest in all their household goods and under which they are presently indebted to Beneficial in an unstated sum. The face of this security agreement shows that it represents a transaction whereby the existing balance on the old loan (that represented by the security agreement of July 14, 1978) was simply refinanced. Further, there appears to be no difference in the security which was furnished for the July 14, 1978 agreement and that which provides the security for the agreement of September 11, 1979. The only new money which was extended, according to these papers, was the sum of $304.40. Thus, under the law which holds that a refinancing agreement is, in substance, the same as the original security agreement which it refinances, it would appear that this court must regard the security interest as having vested prior to November 6, 1978, except with respect to the value of $304.40 representing the "new money" advanced on September 11, 1979. *Matter of Peterson*, 437 F.Supp. 1068 (D.Minn.1977). When a "renewal of a pre-existing debt ... was based upon prior dealings with the borrower," it is not regarded as "obtained" in connection with the renewal or refinancing, except as to the "new money" advanced. *In re Ellis*, 400 F.Supp. 1112, 1116 (S.D.N.Y.1975). Conversely, the courts have held without exception that, if the initial security agreement is the product of fraud, then renewals of it are nondischargeable since the character of the agreement relates back to the initial security agreement.

■ When this principle of relation back of the character of the agreement is established in the law, it is therefore incumbent upon this court to follow the principle in this action and to hold, accordingly, that, except for $304.40 of value, the September 11, 1979, agreement was the same as the July 14, 1978, agreement. Its vesting must therefore be regarded as relating back to July 14, 1978, a date in advance of November 6, 1978, before which, under *In re Rod-*

---

[1] In an earlier order of the court, November 6, 1978, was referred to as the "effective date" of the Bankruptcy Reform Act of 1978. It is really the "enactment date." See *Rodrock v. Security Indus. Bank*, 642 F.2d 1193, 1195 (10th Cir. 1981).

*rock,* 642 F.2d 1193 (10th Cir. 1981), a lien cannot constitutionally be avoided.

The court has, through its orders of inquiry entered since the filing of the plaintiffs' motion to set aside the judgment, established that the balance currently due to the defendant is greater than the $1,065.00 of value of the collateral which has been stipulated to. It has further negatived the possibility that the security interest of July 14, 1978, is a purchase money security interest. Accordingly, because payments made by the plaintiffs have at no time paid the balance due below the $1,065 level,[2] it is appropriate for the prior judgment granting redemption for payment of that sum to remain in effect.

For the foregoing reasons, for the separate and independent reasons that the motion to vacate or set aside the prior judgment of September 21, 1981, is untimely under Rule 923 of the Rules of Bankruptcy Procedure *and* is also without merit.

It is accordingly

ORDERED that the plaintiffs' motion to vacate and set aside the judgment of September 21, 1981, be, and it is hereby, denied.

---

**2.** In fact, the payments made by the plaintiffs have not come within $340.40 of paying the balance due down to $1,065.00.