In the Matter of David Andrew BAUGH and Rosetta Jane Baugh, Debtors.

James F. B. DANIELS, Trustee, Plaintiff,

v.

BANK OF CARTHAGE, David Andrew Baugh and Rosetta Jane Baugh, Defendants.

Bankruptcy No. 81–03073–SW.

Adv. No. 81–2114–SW.

United States Bankruptcy Court, W. D. Missouri, Southwestern Division.

March 12, 1982.

James F. B. Daniels, pro se.

J. Kevin Checkett, Carthage, Mo., for Bank of Carthage.

R. Deryl Edwards, Joplin, Mo., for David and Rosetta Baugh.

JUDGMENT ON THE PLEADINGS FOR PLAINTIFF, AND ACCORDINGLY, DIRECTING THE DEFENDANTS TO TURN OVER CERTAIN PROPERTY TO THE PLAINTIFF EXCEPT AS IS NOT SUBJECT TO A PURCHASE MONEY SECURITY INTEREST

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff trustee in bankruptcy seeks to avoid a lien in a V–8 powered Asplundh Chipper (limb mulcher), and a trailer-mounted tank and spraying apparatus and bring such property into the estate pursuant to § 541 of the Bankruptcy Code. The trustee alleged that the security interests of the defendant Bank of Carthage were not properly perfected by single filing of financing statements with the Office of the Recorder of Deeds for the County of Jasper, State of Missouri, because the chattels were not used in connection with farming operations, but rather in connection with business or commercial operations. For the latter, it is necessary to file financing statements with the Office of the Missouri Secretary of State in order to constitute perfection under the governing principles of Mo.Rev. Stat. § 400.9–401. It was further the contention of the trustee that the chattels could not be claimed as exempt property because the security interest purporting to be held by the Bank of Carthage, albeit unperfected, was a purchase money security interest which § 522(f)(2) of the Bankruptcy Code held to be unavoidable at the suit of the debtor. It is only the trustee who may sue to recover such property under §§ 541–542 of the Bankruptcy Code. Nor can it be claimed exempt, once the trustee has succeeded bringing the property into the estate, for the applicable law does not permit the exemption of property which the trustee has recovered from a transferee to

whom the debtor has *voluntarily* transferred it.[1]

If the plaintiff's contentions to the foregoing effect are true and correct and were materially undenied by the defendants, it appeared that he would be entitled to judgment on the pleadings. Therefore, on February 18, 1982, this court entered its order, for the foregoing reasons, directing the defendants to show cause in writing within 12 days why such judgment should not be rendered in favor of the plaintiff and against the defendants.

To date, although more than 12 days have since passed, the defendant Bank of Carthage has filed no response to the show cause order. The defendants Baugh, however, have interposed two defenses: (1) that the purchase money aspect of the security interest has been erased by a subsequent refinancing and (2) that the implements are accordingly exemptable as tools of the trade under § 522(d) of the Bankruptcy Code. The defendants Baugh thereby do not attempt to impeach the principle asseverated and relied upon that the property on which the lien may be avoided by the trustee alone may not be exempted by the debtors if voluntarily liened by them in the first place. Rather, they contend that, because the security interest was not a purchase money security interest, it was subject to being avoided by them under § 522(f)(2).

It is true, under some authority, that refinancing may erase part or all the purchase money effect of a security agreement.[2] But the transmutation of the character of the security agreement can take place only to the extent that the principal has been reduced and the defendants Baugh accordingly had equity at the time of financing. Only to that extent can it be said that the refinancing is a non-purchase money security interest under the governing definition of a purchase money security interest contained in the Uniform Commercial Code.[3] And to the extent the property, or its value, may be the subject of lien avoidance by the debtors under § 522(f)(2) of the Bankruptcy Code, it may be claimed as exempt by them.

The establishing of that value is a matter of arithmetical computation on the basis of the contents of documents which are available to the parties but which have not been made available to the court. Because all that remains to be done, under the foregoing principles, is a matter of computation based upon what should be undisputed contents of these documents, a judgment may be issued which will leave that matter to the parties, who, in case of disagreement, may seek by means of an appropriate written motion to enforce judgment the aid of the court in making the computation.

It is therefore, for the foregoing reasons, based on the pleadings and other papers in this case,

ADJUDGED that judgment be, and it is hereby, rendered for the plaintiff and the defendants are hereby directed to turn over to plaintiff the above described property, or its value, except to the extent that defendants had reduced the principal due on the initial financing agreement, or otherwise had equity, at the time of the making of the refinancing agreement.

---

1. See §§ 522(g)(1)(A) and 522(h) of the Bankruptcy Code to this effect.

2. See *In re Damron*, 5 B.R. 357, 358 (Bkrtcy. W.D.Ky.1980) ("The taking of a security interest in property which is already owned by the debtor results in the creation of merely a *non-purchase* money security interest.")

3. As to the amounts refinanced, it is clear that they retain their purchase money character insofar as they were initially extended for the purpose of purchasing the collateral. See *Chambell v. Beneficial Finance Company*, 17 B.R. 597 (Bkrtcy.W.D.Mo.1982). Therefore, the purchase money character of the interest can be erased or dismissed only to the extent that the principal is paid down or the debtors had equity at the time of refinancing.