In re Thomas Earl ECHOLES and Dorothy Jean Echoles, husband and wife, Debtors.

Thomas Earl ECHOLES and Dorothy Jean Echoles, husband and wife, Plaintiffs,

v.

TRANSAMERICA FINANCIAL SERVICES, Defendant.

Bankruptcy No. B-81-1657 PHX-VM.
Adv. No. 81-540 VM.

United States Bankruptcy Court,
D. Arizona.

June 25, 1982.

Charles B. Gustafson, Flagstaff, Ariz., for defendant.

Richard M. Grimsrud, Flagstaff, Ariz., for plaintiffs.

## MEMORANDUM DECISION

VINCENT D. MAGGIORE, Bankruptcy Judge.

This case arose on a motion by the Debtor to set aside a lien.

The pertinent facts are as follows:

On May 12, 1978, Thomas Echoles (debtor) entered into a consumer consolidation loan with Transamerica Financial Services. On two separate occasions in 1979, the debtor voluntarily increased the amount of his

obligation to Transamerica with corresponding increases in his monthly payment.

By July of 1980, the debtor was having problems meeting his obligations to Transamerica and various other creditors. Consequently, on August 1, 1980, the debtor voluntarily entered into a new consumer consolidation loan with Transamerica which was secured by a Deed of Trust on his residence. In return for the new $21,867.00 obligation, Transamerica canceled the balance of its prior loan to the debtor, which had an outstanding balance of $15,071.33, and paid off approximately $2,738.00 in debts to other creditors. Moreover, Transamerica charged a loan fee of $1,530.00 and a fee of $2,460 for Credit Life Insurance.

Prior to the imposition of the Deed of Trust, the debtor owned his residence free and clear of liens. This residence was valued at $20,000.00. The debtor made eleven payments of $368.00 on the new consolidated loan before he and his wife filed a joint petition in bankruptcy on July 16, 1981.

There was a trial held in open court and the major issue for decision was:

Does the Debtor have standing to bring an action under 11 U.S.C. § 548?

Section 522(h) provides the authority under which the Debtor can bring this action. Section 522(h) reads as follows:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549 or 724(a) of this title or recoverable by the trustee under section 553 of this title:

and

(2) the trustee does not attempt to avoid such transfer.

Simply stated, this section allows a debtor to avoid the transfer of property if:

1. The trustee could have avoided the transfer under § 548.

2. The trustee failed to avoid the transfer and

3. The property is exempt according to subsection (g)(1) which states:

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) The debtor did not conceal such property;

Read together, the statutes allow a debtor to avoid the transfer of property that the trustee could have avoided but failed to do so providing the property is legitimately exempt property, is not concealed by the debtor and was not voluntarily transferred by the debtor.

In the present case, this court finds that all of the criteria have been established with the exception of the "voluntary transfer" requirement.

In order for the debtor to have standing, he must show that the deed of trust transfer was not a voluntary transfer.

The Bankruptcy Code is silent as to the meaning of the phrase "voluntary transfer". One case in which this issue was addressed is *In re Reaves*, 8 B.R. 177 (Bkrtcy.1981). The *Reaves* Court held that continual pressure applied by a bank to a debtor coupled with a failure to inform the debtor of the consequences of the transfer resulted in an involuntary transfer by the debtor to the bank.

■ While this Court finds the reasoning in *Reaves* persuasive, the instant factual situation differs significantly from the one in *Reaves*. Evidence of harassment or pressure by the employees of Transamerica is wholly lacking. To the contrary, the evidence at trial showed that the debtor voluntarily approached Transamerica on more than one occasion to arrange credit financing.

■ The Debtor contends that Transamerica's failure to explain the consequences of the deed of trust deprived him of the facts necessary to make a voluntary waiver. This Court disagrees. Financial institutions are not required to issue "*Miranda* type" admonitions. The failure to explain the effect of the deed of trust is insufficient to show an involuntary trans-

fer. To be involuntary, the debtor must further prove that the creditor pressured him into transferring the property through harassment, insults, or shame (*Reaves*, supra).

This court concludes that the Deed of Trust given to Transamerica was a voluntary transfer by the debtor. Therefore, the requirement of § 522(g)(1) is not fulfilled and the Debtor lacks standing to bring a § 548 fraudulent transfer challenge.

It should be noted that even assuming standing, the debtor failed at trial to show that Transamerica gave "less than reasonably equivalent value" for the deed of trust as required by 11 U.S.C. § 548(a)(2). The evidence presented showed that in exchange for the $21,867 Deed of Trust, Transamerica paid $17,810.00 for the debtors prior debts, $2,407.00 for credit life insurance, and $1,600.00 fees to secure the loan. Indeed, the evidence establishes that reasonably equivalent value was given for the transfer.

An order consistent with these findings shall be entered.

The foregoing shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752.