**In re Charles R. and Joyce M. EVINGHAM, Debtors.**

**Charles R. and Joyce M. EVINGHAM, Plaintiffs,**

v.

**TRUCKING AFFILIATES OF CENTRAL NEW YORK CREDIT UNION, Defendant.**

Bankruptcy Nos. 81-21129, 82-2222A.

United States Bankruptcy Court, W.D. New York.

Feb. 9, 1983.

Slotnick, Arno & Bertrand by Daniel J. Arno, North Syracuse, N.Y., for defendant.

Michaels, Michaels, Wineburg Scollan & Weinstein by George C. Cooley, Auburn, N.Y., for debtors.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Charles R. and Joyce M. Evingham, Chapter 7 debtors who filed on July 13, 1981, brought this adversary proceeding against Trucking Affiliates of Central New York Credit Union (Credit Union) to avoid a preferential transfer under § 522(h) resulting from the May 21, 1981 repossession and sale of a 1975 Buick Estate Station Wagon in which the Credit Union had an unperfected security interest. The debtors allege that the trustee has not attempted to avoid the transfer and has consented to them bringing the action. The parties stipulated to the following facts. The debtors received approximately a $1,100 loan from the defendant to purchase a 1975 Buick and executed a purchase money security agreement on the vehicle which was never perfected. The vehicle was repossessed and sold at public auction for $520. After paying repossession fees, disbursements and cleanup, the net price received by defendants was $138. The debtors' schedule of secured debts shows $1,454 due on the security agreement at the time of the bankruptcy. Since the debtor does not question the reasonableness of the amount received at the public sale, it is apparent that the debtors had no equitable interest in the vehicle which they could have exempted.

Both parties agree that the sole issue submitted is whether the voidable preference to be recovered is $520.18, the gross sale price, or the $138.04, the net sale price. The Court, however, finds that the debtor in this case may not benefit from the trustee's avoiding powers.

The issue here is whether in a case where there has been a repossession and sale prior to, but within 90 days of bankruptcy, under

an unperfected security agreement, the debtor may exempt from property of the estate the value of the vehicle sold, on either the theory that the trustee could avoid such security interest or the debtor could avoid such lien.

A security agreement is not invalid between the parties merely because it was not perfected. See N.Y.U.C.C. 9–203. Perfection of an interest is important only to insure priority of the lien over intervening third-parties. *In re Lanctot,* 6 B.R. 576, 577 (Bkrtcy., D.Utah 1980). At the time of the sale, here, there was no intervening interests of third-parties.

The security interest would be subject to attack by one who becomes a lien creditor before the security interest is perfected. Included in the definition of such lien creditor is the trustee in bankruptcy from the date of the filing of the petition. N.Y.U.C.C. 9–301(3); See 11 U.S.C. § 544. Thus, the repossession and sale could have been avoided by the trustee. He has not chosen to do so. The trustee's right to avoid liens inures for the benefit of the estate. 11 U.S.C. § 551. It does not help a junior lienor. *Lanctot,* (*supra,* p. 581), holds that the provision applies equally with respect to junior lienors and to debtors who try to improve their position at the expense of the estate by claiming exemptions in property where a senior lien was avoided. Avoidance of a security interest voluntarily given does not restore the debtor's property interest. *In re Ziegler,* 20 B.R. 449, 452 (Bkrtcy. S.D.Ohio, W.D.1982). This rule is subject to the exceptions provided for under § 522(f) which enables a debtor to avoid certain interests, himself, and § 522(g) and (h) which permits recovery under the trustee's avoiding powers. Thus, if the debtor is to have any remedy here it must be under those sections.

Section 522(f) provides that the debtor, himself, may avoid an interest which impairs his exemptions if it results from a judicial lien, (f)(1), or a non-possessory, non-purchase money security interest in certain household goods, professional tools and health aids, (f)(2). See *U.S. v.*

*Security Industrial Bank,* —— U.S. ——, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). There was no judicial lien involved here. The lien was a purchase money security interest in a motor vehicle. Thus, the debtor may not avoid the lien under (f). See *In re Baugh,* 19 B.R. 227 (Bkrtcy.W.D.Mo.1982).

The debtor seeks to avoid the security interest in the Credit Union under 522(h). This section permits the debtor to bring an action to avoid a preferential transfer under 547 or avoid a lien under 544 if he could have exempted the property avoided by the trustee under 522(g)(1) and the trustee does not attempt to avoid such transfer. In the instant case, the debtor cannot recover under 522(h) or (g). Under 522(g), the debtor may exempt property recovered by the trustee where:

(1)(A) such transfer was not a voluntary transfer by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

In the instant case, the secured debt and the repossession was listed in the schedules. There was no concealment. Section 522(f) may not be invoked as indicated above. The sole issue is whether there was a transfer and whether the transfer was voluntary. In *In re Lamping,* 8 B.R. 709 (Bkrtcy. E.D.Wis.1981), the Court considered whether by executing a security agreement on an automobile the debtor voluntarily transferred an interest in the property. It held that although "bare legal title" was retained by the debtor, a property interest up to the amount of the lien was transferred to the lienholder and that this was a disposition of an interest in the property. See 11 U.S.C. § 101(40). The transfer in the instant case was not a compulsory one such as a levy pursuant to Court order or through an involuntary receivership. The transfer occurred not at the time of the repossession and sale, but at the time of the execution of the security agreement. At that time, the Credit Union secured the property interest of the debtor up to the amount of the lien. At the time of the repossession and sale, their lien exceeded the value of the car.

**130**

Nothing not voluntarily transferred by the debtor was taken in the repossession. As stated in *Lamping*, (*supra* p. 711, 712), "to allow such exemption claims would give the debtor a windfall which would enable him to benefit from his own voluntary act" because the secured creditor failed to perfect. The benefit of the failure to perfect inures to all unsecured creditors including the lienholder who did not perfect. It does not inure to the debtors' benefit. *Id.* 712. Under facts similar to the instant case, the Court in *In re Lanctot,* 6 B.R. 576 (Bkrtcy. D.Utah, C.D.1980), held that the interest of the trustee was superior to that of an unperfected purchase money security interest in motorcycles, but that the debtors could not claim the vehicles as exempt.

In some cases, what might have been voluntary transfers have been held to be involuntary because of threats, fraud or other coercive means. See *In re Reaves,* 8 B.R. 177 (Bkrtcy.D.S.D.1981); *In re Taylor,* 8 B.R. 578 (Bkrtcy.E.D.Pa.1981). Here, however, no force, coercion or fraud was used. See *In re Echoles,* 21 B.R. 280, 281 (Bkrtcy.D.Ariz.1982); *In re Tackett,* 21 B.R. 107 (D.N.M.1982).

The grant of a security interest in the 1975 Buick to the Credit Union was a voluntary transfer, and the interest recovered in the repossession by the Credit Union did not exceed the amount voluntarily transferred. Therefore, the debtor may not avoid the interest under the trustee's avoiding powers, or claim it as exempt under 11 U.S.C. § 522(h).