In re James Edward DONAHUE, a/k/a Jim Donahue and Ann Kristine Donahue, Debtors.

No. 96–32366–7.

United States Bankruptcy Court, D. Montana.

March 30, 2000.

---

**6.** Debtors claimed an earned income credit amount for two qualifying children.

Don Torgenrud, St. Ignatius, MT, Chapter 7 Trustee.

Valerie A. Bashor, Missoula, MT, for Debtors.

## ORDER

RALPH B. KIRSCHER, Bankruptcy Judge.

In this Chapter 7 case the Trustee, Don Torgenrud, filed a Trustee's Notice of Final Report and Proposed Distribution on April 4, 2000. Within the time allowed for objections, Debtors filed on April 14, 2000, Debtors' Objection to Trustee's Proposed Distribution claiming Debtors should receive from the Trustee a distribution in the amount of $1,200.00 for their claimed exemption in a 1986 Ford F150 truck. The Trustee filed on April 19, 2000, Trustee's response to Debtors' Objection to Trustee's Proposed Distribution. After due notice, a hearing on the Trustee's Proposed Distribution and Debtors' Objection thereto was held at Missoula on May 2, 2000. The Trustee appeared. The Debtors' attorney appeared in opposition. No exhibits were admitted, but judicial notice was taken of the Debtors' filed schedules and the proof of claim filed by First Interstate Bank and the facts set forth in the briefs filed by Debtors and the Trustee pursuant to stipulation and agreement. At the close of the hearing the Court granted the parties time to file simultaneous briefs, and took the matter under advisement. The briefs have been filed; the Court deems this matter ready for decision.

This is a core proceeding to determine the appropriateness of the Trustee's proposed distribution of estate assets given the Debtors' objection thereto for the trustee's failure to distribute $1,200.00 to Debtors for their claimed exemption in a truck after the Trustee successfully avoided a security interest held by First Interstate Bank by mutual agreement between the Trustee and the bank. See 28 U.S.C. § 157(b)(2)(B) and 11 U.S.C. § 522(g). The Trustee, after filing a Motion for Authority to Sell Property and Notice of said Motion having been sent to all parties in interest including Debtors, Debtors' attorney and creditors, sold, pursuant to court order, the truck to First Interest Bank for $2,450.00, after no objections to the sale were filed.

Based upon the Court's review of the agreed facts and the applicable statutory and case law, the Court approves and allows the Trustee's Final Report and Proposed Distribution and overrules the Debtors' objection [1].

## FACTS

The facts in this case are not in dispute. The Debtors filed a voluntary Chapter 7 petition on November 8, 1996, together with their Schedules and Statements. On Schedule B, Debtors list a 1986 Ford F150 4x4 pickup, valued at $6,000.00, for which they claim an exemption of $1,200.00 on Schedule C pursuant to Mont.Code Ann. § 25–13–609(2). Debtors scheduled First Interstate Bank as a secured creditor holding a purchase money security interest on said truck in the amount of $6,528.00. First Interstate Bank filed a proof of claim, together with attachments including copies of a note, security agreement, notice of lien filing and an itemization of indebtedness, claiming a secured claim of $6,002.71, as of January 27, 1997. The note and security agreement signed by Debtor James E. Donahue in the amount of $6,560.00 are dated July 2, 1996 and the note is secured by the above described

---

1. No other objections have been filed to the Trustee's Final Report and Proposed Distribution by any other party in interest.

truck. The notice of lien filing was issued October 3, 1996 and reflects a perfection date of September 10, 1996. The Debtor James E. Donahue and First Interstate Bank entered into a stipulation to modify stay, which the Trustee refused to sign given the preference arising through the security interest being perfected after the relation-back grace period of 20 days but during the presumptive 90 day preference period. See 11 U.S.C. §§ 547(c)(3)(B) and 547(f). The stipulation stated the wholesale value of the truck at $3,500.00. Even though the Debtor continued making payments for a period of time, Debtor finally stopped making payments to the bank and turned the truck over to the bank. Unbeknownst to the Debtor, the bank and Trustee resolved the preference issue and the Trustee proceeded to sell the truck by motion after notice and an opportunity for hearing.

### ISSUE

Are Debtors entitled to receive a distribution from the Trustee for the amount of the claimed exemption of $1,200.00 in a truck when the truck is voluntarily purchased within the preference period and the security interest is not perfected within the relation back grace period and the Trustee, by agreement with the bank holding the undersecured claim, avoids the unperfected security interest?

### DISCUSSION

■ Section 522(g) of the Bankruptcy Code [2] provides:

Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor

could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) [3] of this section.

■ Debtors are unable to satisfy the voluntariness limitation contained in § 522(g)(1)(A). Debtor James E. Donahue voluntarily signed the note and security agreement, which security agreement allowed First Interstate Bank to acquire a security interest in the truck. By definition, transfer means "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." 11 U.S.C. § 101(54). The bank's acquisition of a security interest through the consent and voluntary act of the Debtor constitutes a transfer. See In re Lanctot, 6 B.R. 576, 579 (Bankr.Utah 1980). Under § 522(g)(1)(B), no concealment occurred as the Debtors accurately listed the truck in their schedules. Given the voluntariness of the transfer creating the security interest in the truck and the plain meaning of the statute, Debtors can not satisfy the requirements of § 522(g)(1) and are therefore not entitled to any exemption distribution from the Trustee. See Hitt v. Glass (In re Glass), 164 B.R. 759, 764–65 (9th Cir. BAP 1994) aff'd 60 F.3d 565, 569 (9th Cir.1995); Matter of Lamping, 8 B.R. 709, 711 (Bankr.Wis.1981).

---

2. All references to code sections, unless otherwise indicted, are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330.

3. "In the 1994 amendments to the Bankruptcy Code, Congress revised section 522(f) such that former section 522(f)(2) became

§ 522(f)(1)(B)..... The sensible reading of the section would be to consider the cross reference in section 522(g)(2) to relate back to section 522(f)(1)(B)." 4 Collier on Bankruptcy § 522.12, at 522–97, n. 2 (15th ed.).

Debtors are also unable to satisfy § 522(g)(2), as the truck is not one of the items listed in § 522(f)(1)(B)[4] and the security interest is a purchase-money security interest and not a nonpossessory, nonpurchase-money security interest or a judicial lien as required under § 522(f)(1). Consequently, Debtors can not avoid the security interest under § 522(f). *See In re Ulrich,* 203 B.R. 691, 693 (Bankr. C.D.Ill.1997); *Matter of Lamping,* 8 B.R. 709, 711 (Bankr.Wis.1981).

**4.** *See* n. 3 supra.

IT IS ORDERED the Trustee's Final Report and Proposed Distribution is approved and allowed and the Debtors' objection is overruled.