SCOTT, Respondent, v. LIECHTI, et al, Appellants

(15 N. W.2d 1.)

(File No. 8688. Opinion filed June 16, 1944.)

**M. E. Miller,** of Lake Andes, and **H. A. Doyle** and **Frank Biegelmeier,** both of Yankton, for Appellants.

**Paul A. Kern,** of Lake Andes, and **James R. Bandy,** of Armour, for Respondent.

RUDOLPH, J.  In this action the plaintiff seeks to impress a trust upon certain real property held by the defendant.  The facts disclose that in the year 1942 the plaintiff was attempting to purchase from the Federal Land Bank of Omaha a certain farm liocated in Charles Mix County.  The plaintiff was apparently in default upon some other indebtedness owed to the Federal Land Bank and for this reason was not qualified as a purchaser of the land.  The plaintiff was well acquainted and friendly with one Edward Liechti. Plaintiff and his wife, together with a Mr. Dunn who represented the Federal Land Bank, consulted with Mr. Liechti and as a result of this consultation a contract for the sale and purchase of the Charles Mix County farm was entered into between Mr. Liechti and the Federal Land Bank.  Mr. Liechti made the necessary original payment called for under the terms of the contract.  Edward Liechti died suddenly in September 1942 and the defendant, Adolph Liechti, was appointed administrator of his estate.  Upon the refusal of the administrator to recognize that Edward Liechti held this farm in trust for the plaintiff, this present action was. commenced.

The controversy centers around the alleged agreement between Edward Liechti and the plaintiff purportedly made at the time the plaintiff together with his wife and Mr. Dunn consulted with Edward Liechti and following which meeting the contract was entered into between Mr. Liechti and the Federal Land Bank.  The plaintiff offered and there was

received in evidence testimony of the conversation had between the plaintiff and Edward Liechti in which conversation the plaintiff's wife and Mr. Scott participated. As a result of this testimony the trial court found in substance that the plaintiff explained to Edward Liechti that because of the delinquencies owing to the Federal Land Bank, he could not purchase this Charles Mix County farm as he desired and that he requested Edward Liechti to loan him a sufficient amount of money to make the required down payment on this farm and that the contract for its purchase be taken in Mr. Liechti's name until such time as the plaintiff repaid Mr. Liechti the loan, at which time Mr. Liechti would assign the contract for the purchase of the land to the plaintiff. The court found that Mr. Liechti agreed to this arrangement, loaned the plaintiff the amount of money required and entered into a contract to purchase the land with the Federal Land Bank. The court further found the amount due Mr. Liechti under this alleged agreement and this amount was deposited with the court for the benefit of the defendant. Based on these findings the court ordered that the defendant administrator assign the contract of purchase to the plaintiff and that the money deposited with the court be paid to the defendant. The defendant has appealed.

The defendant first contends that it was error to permit the plaintiff to testify to the conversations he had with Mr. Liechti, who is, and was at the time the action was commenced, deceased. With the revision of our Code in 1939, the old statute, Sec. 2717, R. C. 1919, which excluded a party from testifying as to any transaction with or statement by the deceased was omitted from South Dakota Code 1939. The governing rule is now SDC 36.0104 which provides: "In actions, suits, or proceedings by or against the representatives of deceased persons including proceedings for the probate of wills, any statement of the deceased whether oral or written shall not be excluded as hearsay, provided that the trial judge shall first find as a fact that the statement was made by decedent, and that it was in good faith and on decedent's personal knowledge."

This rule permits a party or a person having an interest in the subject of the action adverse to the deceased, as well

as any other person, to testify to any statement of the deceased whether oral or written, the only qualification is that the trial judge shall first find as a fact that the statement was made by the decedent, and that it was in good faith and on decedent's personal knowledge. Obviously, before the trial judge can make such determination he must hear the testimony that is offered which relates to the alleged statement and the making thereof by decedent. This case was before the court without a jury, and implicit in the findings of the court is the finding required by the statute. In a case before a jury a somewhat different procedure would be required, in that the trial judge should make the preliminary finding required, before admitting the evidence to the jury. We believe the new rule is salutary and that it will do away with many of the injustices which occurred by virtue of the strict rule of exclusion found in Sec. 2717, R. C. 1919. For a discussion of merits of the two rules see Wigmore on Evidence, 3 Ed., Secs. 578, 1576 and 2065. The testimony or evidence which will move a trial court to find that an alleged statement was made by the decedent in good faith and with personal knowledge, of course, offers a wide range. The statute attempts to leave such determination to the sound judgment of the trial court. In the present case the testimony of the plaintiff was corroborated by disinterested witnesses, and after considering all of the testimony the trial judge found that the statements had been made by the deceased and based his judgment thereon. There is apparently no contention made in this case that the evidence fails to justify the finding of the trial court that the deceased made the alleged statements, the only contention is that the court erred in permitting the plaintiff to testify regarding the statements of the deceased, which contention finds no support under the present rule. However, we think it clear after considering this evidence, that it amply sustains the trial court in concluding that the deceased in good faith, and with personal knowledge made the statements as contended by plaintiff.

The appellant next contends that as a matter of law the findings of the court do not support the judgment entered. Our statute, SDC 59.0102(4) provides: "When a transfer of real property is made to one person and the con-

sideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

Under the evidence submitted and under this statute the only real question presented, we believe, is whether Mr. Liechti paid the money to the Federal Land Bank for and on his own behalf or whether he loaned this money to the plaintiff and paid it to the Land Bank for plaintiff's benefit. The Restatement of the Law of Trusts, Sec. 448, states the rule as follows: "Where a transfer of property is made to one person and the purchase price is advanced by him as a loan to another, a resulting trust arises in favor of the latter, but the transferee can hold the property as security for the loan."

Commenting on this section the Restatement says: "In the situation stated in this section the result is the same as though the transferee first lent the amount of the purchase price to the borrower, and the borrower then paid the amount so borrowed to the vendor and the conveyance was then made by the vendor to the lender. Although the purchase price was not paid directly by the borrower to to vendor, it is paid for him by the transferee and the borrower is in substance the person who pays the purchase price."

The evidence, in our opinion, amply supports the finding of the court that the transaction between the plaintiff and Mr. Liechti constituted a loan of the money by Mr. Liechti to plaintiff. The evidence discloses a discussion about repaying this money when plaintiff sold certain sheep; both plaintiff and his wife testified that plaintiff agreed to repay the money Mr. Liechti advanced. The representative of the Land Bank testified that Mr. Liechti stated that he did not want the land but that he would help the plaintiff out until he was in a position to repay the money. Another witness testified that Mr. Liechti stated that he did not buy the farm but that the plaintiff bought it in his name. There is other evidence of a similar character but the above is sufficient, we believe, to satisfy the requirements of the rule that a trust by operation of law must be established by clear, satisfactory and convincing evidence. Jones et al v. Jones et al, 67 S. D. 200, 291 N. W. 579. Whether the evidence in a

given case is clear and convincing is a question in the first instance to be determined by the trial court, and its conclusion is not to be disturbed by this court unless it can be said after an examination of the entire record and all circumstances surrounding the transaction as therein disclosed that the clear preponderance of the evidence is against the findings of the trial court. Medin v. Brookfield et al., 66 S. D. 209, 281 N. W. 97.

We have considered appellant's contention that the trial court unduly restricted his cross-examination of certain witnesses and find it without merit.

The judgment appealed from is affirmed.

All the Judges concur.