## COX, Appellant, v. BOWMAN, et al, Respondents

### (21 N. W.2d 277)

(File No. 8790.  Opinion filed December 19, 1945.)
Rehearing Denied January 18, 1946.

**Alan Bogue** and **Everett A. Bogue,** both of Vermillion, for Appellant.

**H. D. Brown,** of Gann Valley, and **H. L. Woodworth,** of Ipswich, for intervener and respondent.

RUDOLPH, J.   Appellant brought this action to foreclose a mortgage on real property located in the city of Vermillion. Milton M. Woodworth, the respondent, intervened in the action and by his complaint in intervention asserted that he is the owner of the real property free from any claim of the appellant and asked that title to the property be quieted in him. F. E. Bowman, administrator of the estate of Jason E. Payne, deceased, and the other defendants who are the heirs at law of Jason E. Payne, made no appearance in the action.

The facts disclose that Jason E. Payne during his life was an attorney at law at Vermillion and was the record owner of the real estate involved; that for some years prior to the time the mortgage was signed Mr. Payne had been

acting in the capacity of a financial agent for the plaintiff, Mrs. Cox. In this capacity Mr. Payne had in his possession money belonging to Mrs. Cox and loaned this money to various persons securing the loans by real estate mortgages. From the record it appears that there were some irregularities in the handling of the Cox money by Mr. Payne and the mortgage in question, in the amount of $1,400, was apparently made to secure a portion of the funds of Mrs. Cox that Mr. Payne had so mingled with his own. According to the face of the mortgage it was signed April 26, 1941. However, this mortgage remained in the possesion of Mr. Payne from that date until sometime after his death which occurred September 11, 1941. Subsequent to the death of Mr. Payne this mortgage was found among his papers. The plaintiff was advised of the existence of the mortgage and thereafter it was placed of record in Clay County.

Intervener's claim to title to this land rests upon substantially the following facts:

Intervener testified that in 1931 he purchased a tract of land, of which this mortgaged land is a part, from the Davis estate then being probated in Clay county; that he made this purchase at the suggestion of Mr. Payne who was his cousin and at the time of the purchase it was agreed that Mr. Payne would furnish the money necessary to make the purchase and Woodworth would repay this money to Mr. Payne in installments. Title to the property was first taken in the name of one Mae Saunders, a sister-in-law of Mr. Payne and later transferred to Mr. Payne. Immediately upon its purchase the intervener Woodworth went into possession of the property, occupied the house located thereon and made various improvements and additions to the property all at his own expense. He continued living on the property until the time this action was tried and is now in possession thereof. During the course of the trial there was received in evidence certain book accounts of Mr. Payne showing payments by Woodworth with the notation as follows: "Received of M. M. Woodworth on Davis house contract." These payments varied in amount from $10 to $80 and were made rather uniformly each month. The payments continued from

June, 1931 through October, 1936. It further appears that a portion of the land which was originally purchased was subdivided by Mr. Payne and Mr. Woodworth. Several houses were built on the different tracts which were sold and the profits derived from the sale divided.

The trial court held the intervener to be the beneficial owner of the property, that plaintiff's mortgage had not been delivered so as to make it effective and quieted title to the land in intervener. The plaintiff has appealed.

The first question goes to the admissibility of Mr. Woodworth's testimony with reference to the conversations with Mr. Payne concerning the purchase of this property. The applicable rule governing the admission of this testimony is found in SDC 36.0104 which provides: "In actions, suits, or proceedings by or against the representatives of deceased persons including proceedings for the probate of wills, any statement of the deceased whether oral or written shall not be excluded as hearsay, provided that the trial judge shall first find as a fact that the statement was made by decedent, and that it was in good faith and on decedent's personal knowledge."

The trial court in the first instance refused to permit intervener to testify concerning his conversations with the deceased, but after it was shown in the record that intervener had been in possession of the property since its purchase from the Davis estate, that he had made substantial improvements and additions to the property at his own expense, and that he had made the payments to Mr Payne, all under the notation in Mr. Payne's account books, "Received of M. M. Woodworth on Davis house contract," the court permitted the testimony of intervener of the conversations wherein it was agreed between Payne and intervener that the property should be purchased by intervener by money advanced by Payne who should be repaid in installments. Thereafter the court found "that the conversations and statements as related by intervener were made by the decedent in good faith and on decedent's personal knowledge." As stated in the case of Scott v. Liechti, 70 S. D. 89, 15 N. W.2d 1, the statute, SDC 36.0104, places the admissibility

of the testimony within the sound judgment or discretion of the trial court. In the light of the record facts corroborating the testimony of the intervener, we hold that there was no abuse of the discretion vested in the court in the admission of the testimony.

■■ Based upon the testimony of the intervener and the corroborating circumstances the court determined that Mr. Payne held title to the property in trust for the intervener. Giving to the testimony of the intervener the effect accorded it by the trial court, which we are convinced we must, this holding of the trial court cannot be disturbed. It is established by statute and decision in this state · that where a transfer of property is made to one person and the purchase price is advanced by him as a loan to another a resulting trust arises in favor of the latter. SDC 59.0102(4), Scott v. Leichti, supra.

■ It being established that intervener is the beneficial owner of the property, his right to question the validity of plaintiff's mortgage is apparent. Intervener maintained and the trial court held that the mortgage signed by Payne is void for want of delivery, and that it is not, therefore, a lien or encumbrance upon the property. Appellant contends that "after Payne executed the mortgage in issue he delivered it to Payne as agent of Mrs. Cox. Payne as agent of Mrs. Cox then paid Payne, the borrower, $1400 which completed the transaction." This contention of appellant is predicated upon the assumption that Mr. Payne had the authority as the agent of Mrs. Cox to use her money as his own, and at a time to suit his own convenience secure the money thus used by executing a mortgage. No such authority was shown to exist. Mr. Payne was authorized to loan the money belonging to Mrs. Cox to others, and to accept as security for such loans real estate mortgages, but such authority would not carry with it authority in Mr. Payne to use this money for himself, execute a mortgage as security and deliver such mortgage to himself. We think it clear from the entire record that no such authority in Mr. Payne as appellant has assumed, ever existed. SDC 51.1304 provides that "A grant takes effect so as to vest the interest intended to be transfer-

red only upon its delivery by the grantor." Under this statutory provision the mortgage in question did not become effective unless during the life of Mr. Payne it was delivered by him to Mrs. Cox and accepted by her. The facts disclose that the mortgage simply remained in Mr. Payne's personal files until after his death, that its existence was unknown to Mrs. Cox and it follows that it was never delivered as required by the statute. See Fischer et al. v. Gorman et al. 65 S. D. 453, 274 N. W. 866; Knapp v. Brett et al. 54 S. D. 1, 222 N. W. 297; Smith v. Phillips et al., 58 S. D. 80, 235 N. W. 102; Van Dyke v. Grigsby et al., 11 S. D. 30, 75 N. W. 274.

The judgment appealed from is affirmed.

ROBERTS and SICKEL, JJ., and WALL, Circuit Judge, concur.

SMITH, P.J., not sitting.

WALL, Circuit Judge, sitting for POLLEY, J.