### In re CONGDON'S ESTATE

HOEYE, Respondent, v. CONGDON, Appellant

(51 N. W.2d 877)

(File Nos. 9219 and 9227. Opinion filed February 28, 1952)

Rehearing denied April 18, 1952

**Smiley & Clark,** Belle Fourche. for Contestant and Appellant.

**Penfold & Overpeck,** Belle Fourche, for Claimant and Respondent.

SMITH, J. The creditor's claim of Bessie Hoeye, sister of the decedent John L. Congdon is made up of three items which we number for convenience in making reference thereto. First, she claimed she worked for decedent from November 1, 1940 to June 1, 1941 at an agreed wage of $150 per month; second, under a separate contract she claimed she worked for him from October 1, 1943 to July 1, 1947 for the agreed wage of $150 per month; and third ,she claimed she made advances on his behalf during 1944 and 1945 aggregating $150. She credited decedent with payments of $250 during 1944 and 1945, and with $1,000 as result of a land transaction in 1947. The executrix rejected the claim as a whole and it was heard by the county court. The claimant and the executrix, respectively, deemed themselves aggrieved by the order of the county court and appealed to the circuit court. Trial de novo resulted in a judgment disallowing the first item of the claim because the cause of action therein described was barred by the statute of limitations, allowing the second item, and disallowing the third item as not established by the proof. The amount of the claim was reduced by the credits admitted therein. The separate appeals will be disposed of by a single opinion.

■ The executrix asserts that the circuit court erred in overruling her motion for a dismissal of the proceeding on the ground that the claim failed to state the post office address of the claimant as required by SDC 35.1407. The court allowed an amendment of the claim on motion of the claimant and denied the motion to dismiss.

It is provided by statute, "When any creditor has presented or filed his claim as provided in section 35.1401, and within the time prescribed in section 35.1404, the court may, for good cause shown, and on such notice as the court deems proper, and either before or after the expiration of the time for presenting or filing claims, permit such creditor to amend such claim, either in form or substance. No defect in the form or contents of any claim presented or filed shall deprive a creditor of any rights whatsoever, if it satisfactorily appears that such creditor acted in good faith, and if his claim is amended as provided by this section to conform with the requirements of this chapter." SDC 35.1405.

In our opinion the trial court exercised a sound judicial discretion in the premises. Before the court was the fact that not only did the executrix know the omitted address, but that she had made it a matter of record in the proceedings as part of the contents of her petition for the probate of the will. A different ruling would have violated the spirit if not the letter of SDC 35.1405.

The next contention of the executrix involves SDC 36.0104 reading as follows: "In actions, suits, or proceedings by or against the representatives of deceased·persons including proceedings for the probate of wills, any statement of the deceased whether oral or written shall not be excluded as hearsay, provided that the trial judge shall first find as a fact that the statement was made by decedent, and that it was in good faith and on decedent's personal knowledge."

Testimony was introduced, subject to the objection of the executrix, of declarations of deceased to persons related by blood or marriage to claimant, and to an attorney who had formerly represented claimant in a contest of the will of decedent in an Iowa proceeding. The court ultimately determined that such statements were made by decedent, in good faith and on decedent's personal knowledge, and overruled the objection. Without question these declarations of deceased were determinative of the fact issues under item two. It is the contention of the executrix that the trial court abused its discretion in accepting and acting on the testimony of these interested witnesses without any corroboration by disinterested witnesses, or by other evidence.

In Scott v. Liechti, 70 S. D. 89. 15 N.W.2d 1, 3, where the change in policy represented by this statute was explained, this court said, "The testimony or evidence which will move a trial court to find that an alleged statement was made by the decedent in good faith and with personal knowledge, of course, offers a wide range. The statute attempts to leave such determination to the sound judgment of the trial court. In the present case the testimony of the plaintiff was corroborated by disinterested witnesses, * * *."

And again in Cox v. Bowman, 71 S. D. 72, 21 N.W.2d 277, 279, we said, "In the light of the record facts corroborat-

ing the testimony of the intervener, we hold there was no abuse of discretion vested in the court in the admission of the testimony."

The excutrix reads these decisions as holding that there must be corroboration by disinterested witnesses in order to justify a trial court in making the described preliminary findings of good faith, etc.

The statute places no such limitation on the power of the trial court, and none should be read into its provisions. We concur in the view expressed by the text of 31 C.J.S., Evidence, § 205, p. 944, viz., "Statutes of this character are to be liberally construed to extend rather than to restrict the intended relief and to effectuate their corrective purpose." We repeat that the intention was to leave the matter to the sound judgment of the trial court. Until the record demonstrates that the trial court has acted unreasonably in either receiving or rejecting such evidence, we are not at liberty to interfere. We have read the present record with care and have concluded that the trial court exercised a sound discretion in the premises.

In Douglas v. Beebe, 46 S. D. 559, 195 N.W. 165, 166, after a careful analysis of the evidence, this court reversed a judgment against an administrator for compensation for services rendered over a period of many years. It was there written, "The test of the sufficiency of the evidence to warrant a recovery is higher in this case than in ordinary actions". The next contentions here, viz., that the evidence is insufficient to support the court's findings and judgment, are based on that decision and on the cases cited therein. The quoted statement means that such a claim must be established by clear, satisfactory and convincing evidence. In Scott v. Liechti, supra, it was said, "Whether the evidence in a given case is clear and convincing is a question in the first instance to be determined by the trial court, and its conclusion is not to be disturbed by this court unless it can be said after an examination of the entire record and all circumstances surrounding the transaction as therein disclosed that the clear preponderance of the evidence is against the findings of the trial court."

And in Kenobbie v. Krause, 67 S. D. 574, 295 N.W. 646, 648, we quoted the settled principle that "where it appears that the credibility of witnesses entered into a finding of the trial court as a controlling factor, only the most convincing circumstances would justify this court in reversing the same."

Stated in a very broad outline, a review of this evidence presents this situation. The claimant testified to the two agreements she had with decedent and to the work she did under the agreements, working as a ranch hand and also as a housekeeper, and practical nurse in the care of the mother and sister of decedent and claimant. She is corroborated by testimony of her son, her sisters and their husbands, and by Mr. Christensen, an Iowa lawyer. The corroboration includes the intention of deceased to engage claimant, the fact he had engaged her, the agreed rate of pay and the approximate amount he owed her. Included in this corroboration is the declaration of decedent, in the presence of claimant's brother-in-law. to Mr. Christensen, whom he was consulting with reference to taxes. The decedent had sold his South Dakota properties and had moved to Iowa when this conference took place. Mr. Christensen testified in detail with reference to that conference wherein decedent said he owed his sister, Bess, seven or eight thousand dollars for "General work. She worked just like a man. She came out and helped me take care of the sheep and fed them and done whatever was necessary". Opposed to this testimony is the admission of claimant that she had seldom asked for her money and had never written her brother demanding payment, and the testimony of those who worked and lived in the neighborhood, and of those who worked part time for decedent. The testimony of these witnesses would sustain an inference that claimant did not perform the services as claimed and in fact was seldom present on the ranches decedent operated. In addition to this testimony, the trial court was required to consider many other circumstances having a bearing on the validity of the claim.

After listening to the witnesses and considering all the circumstances the trial court advised counsel in substance that the only escape from a finding favorable to the

claimant was to do that which he was "unable and unwilling" to do, viz., to disbelieve claimant and her witnesses. That this belief of the trial court has a rational basis is revealed by reading the examination and cross-examination of these witnesses. In our opinion the record as a whole does not warrant interference by a reviewing court.

The claimant prefected a cross-appeal from the judgment of the trial court, but failed to file or serve assignments of error, as required by SDC 33.0735. Absent an assignment of error, there is nothing before this court for consideration. La Crosse Rubber Mills Co. v. Dakota Wholesale Coffee Co., 36 S. D. 221, 154 N.W. 447.

The judgment of the trial court is affirmed.

All the Judges concur.