36 B.R. 794 (1984)
In re Carlos Tanoa WARD and Ladene Jayne Ward, Debtors.
Carlos Tanoa WARD, Ladene Jayne Ward and Dennis W. Finch, Trustee in Bankruptcy, Plaintiffs,
v.
BUILDING MATERIAL DISTRIBUTORS, a DIVISION OF MADERA PACIFIC, INC., Defendant.
Bankruptcy No. 582-00038, Adv. No. 582-0078.
United States Bankruptcy Court, D. South Dakota.
January 30, 1984.
*795 John M. Fousek, Rapid City, S.D., for Ward.
Dennis W. Finch, Finch & Viken, Rapid City, S.D., trustee pro se.
Donald A. Porter, Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, S.D., for defendant, Bldg. Material Distributors.

MEMORANDUM DECISION
PEDER K. ECKER, Bankruptcy Judge.
In the case at bar, the debtors as plaintiffs seek to avoid two mortgages given the defendant, Building Material Distributors, based on the alternative assertions that the mortgages are transfers avoidable as preferential transfers under 11 U.S.C. § 547(b) or that the mortgages are transfers avoidable as fraudulent transfers under 11 U.S.C. § 548. The trustee joined in the debtors' action against the defendant. The defendant, on the other hand, contends that the debtors do not have standing to bring the action because only the trustee has the power to avoid the transfers.
The defendant further asserts that the debtor was solvent at the time of the transfer and that the transfer occurred in excess of 90 days prior to the date of the filing of the bankruptcy petition. Finally, the defendant argues that there was no intent to hinder, delay or defraud any entity and that forebearance by the creditor constitutes reasonably equivalent value in exchange for the transfer.
Based on the testimony and exhibits received at trial, the Court found that the debtors could not avoid the transfer as a preference under 11 U.S.C. § 547 because the transfer occurred in excess of ninety days prior to the debtors filing a joint Chapter 7 petition. The Court took under advisement the issue of whether the granting of the mortgages was a transfer avoidable under 11 U.S.C. § 548. Thereafter, the debtors and the creditor by stipulation requested that the case be re-opened for the purpose of receiving further evidence. The Court granted such request and additional testimony was presented at a continued trial.
The debtors moved the Court to reconsider its decision that the transfer was not avoidable under 11 U.S.C. § 547(b). After considering legal memorandums from the parties and the evidence adduced at trial and continued trial, the Court denies the debtors' motion to reconsider and further finds that the transfer of property by the *796 debtors mortgaging property to the creditor is not avoidable under 11 U.S.C. § 548 as a fraudulent transfer.
The debtors, Carlos and Ladene Ward, filed a joint Chapter 7 petition under the Bankruptcy Code on March 4, 1982. Prior to filing the petition, the debtors gave a second mortgage on their homestead property and a second mortgage on business real property to Building Material Distributors, a division of Medera Pacific, Inc.
Building Material Distributors (Distributors) had been extending unsecured credit on an open account to the debtors for the operation of their business. On March 14, 1980, Distributors cancelled the open account. The debtors continued doing business with Distributors on a cash basis and continued making payments against the account balance.
During this period of time, the debtors were in the process of making an application for financing from the United States Small Business Administration (SBA). By November, 1981, Distributors was becoming increasingly concerned about the debtors' inability to pay the balance on the old account and suggested that the debtors file bankruptcy or provide security in satisfaction of the account and Distributors would not take legal action to collect the account. The debtors, believing that SBA financing was forthcoming, decided to grant second mortgages on real property to the Distributors in exchange for Distributors forebearing any action against the debtors for collection of the outstanding account balance. On November 17, 1981, the debtors signed a promissory note and agreed to give second mortgages to Distributors. Thereafter, Distributors prepared the mortgages and forwarded them by mail to the debtors. The mortgages were dated November 17, 1981, but not received by the debtors until the 30th of November. The debtors executed the mortgage on their homestead and also executed the mortgage on the business property. The debtors executed the mortgages and mailed the documents to Distributors on November 30, 1981. Distributors received the mortgages on December 7, 1981. The mortgages were recorded on December 8, 1981, with the Register of Deeds in the county where the property is located.
The rights and ability of a debtor to either avoid liens on property claimed exempt or to claim the benefit of liens avoided by the trustee on exempt property are governed exclusively by 11 U.S.C. § 522. Once the lien has been avoided, the debtor must come within one of the subsections 522(g) through (i) in order to avoid the property becoming property of the estate by operation of section 551.
The issue of whether a debtor filing a Chapter 7 petition has standing to bring an action to avoid a preferential transfer under 11 U.S.C. § 547 or to avoid a fraudulent transfer of property under 11 U.S.C. § 548 is clearly answered in the affirmative when the transfer of exempt property is involuntary. Subsection 522(h) provides that if a transfer is avoidable and the trustee does not act, then a debtor may avoid a transfer of property to the extent that the debtor could have exempted the property under subsection (g)(1) of section 522. 11 U.S.C. § 522(h). Notwithstanding that the trustee did not avoid these security interests, the debtors cannot utilize subsection (h) because section 522(g)(1) does not allow the exemption of property recovered if the transfer was a voluntary transfer by the debtor. The voluntary grant of a security interest, as opposed to a lien created by operation of law or the fixing of a judicial lien, is clearly a voluntary transfer. 11 U.S.C. § 101(40), (38), (36); Senate Report No. 95-989, 95th Cong. 2d Sess. (1978) 27; House Report No. 95-595, 95th Cong. 1st Sess. 314 (1977), reprinted in (1978) U.S. Code Cong. & Admin.News 5787, 5813. See, e.g., Matter of Lamping, 8 B.R. 709, 711 (Bkrtcy.E.D.Wis.1981).
In the instant case, the debtors transferred their interest in the homestead and business properties by mortgaging such properties to Distributors. This was a voluntary grant of a security interest and clearly a voluntary transfer. Therefore, the debtors cannot avoid the transfer of *797 property under 11 U.S.C. § 522(h) because the subsection (g)(1) has not been met.
Section 522(i)(1) is inapplicable on its face because it requires the debtor to avoid a transfer under subsection (f) or (h) of section 522. Subsection (f) provides:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is
1. a judicial lien; or
2. a nonpossessory, nonpurchase-money security interest in any
A. household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
B. implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
C. professionally prescribed health aids for the debtor or a dependent of the debtor.
The debtors are attempting to avoid a mortgage and not a judicial lien as required in paragraph (1). Although the debtors are attempting to avoid a nonpossessory, nonpurchase-money security interest as required in paragraph (2), the security interest is not in any of the property listed in subparagraphs (A), (B) or (C). Consequently, section 522(f) is not met and the debtors are unable to satisfy that requirement of section 522(i)(1).
The second part of section 522(i)(1) allows the debtors to recover property if subsection (h) of section 522 is satisfied. As stated supra, subsection (h) requires that the debtor's transfer of property is an involuntary transfer and that is not the case here. Because subsection (i)(1) of section 522 is inapplicable to the facts, the debtors' last hope depends on their ability to fall within the purview of section 522(i)(2).
Subsection (i)(2) requires that property recovered by avoidance of a transfer can only be preserved "to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection." As previously discussed, the debtors cannot exempt the property under paragraph (1) of subsection (i) or subsection (g)(1) because of the voluntary transfer. The debtors are left with subsection (g)(2) as their last chance.
Subsection (g)(2) refers to transfers under subsection (f)(2) and subsection (f)(2), as previously set forth in full, applies to avoidance of liens on personal property and not real property. The debtors gave Distributors a security interest in their homestead property and business property. Consequently, because the facts prohibit the application of subsection (g)(2), the debtors cannot avail themselves of subsection (i)(2) and their last chance is no chance.
The remaining issues before the Court are whether the trustee can avoid the transfers under section 547 or section 548 and preserve the property for the benefit of the estate under section 551.
The elements of a preferential transfer under section 547 consist of: (1) a transfer of the debtor's property; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made on or within 90 days before the date of the filing of the petition; and (5) the transfer enables the creditor to receive more than if the case were a liquidation case, the transfer had not been made and the claims were allowed or disallowed according to the Bankruptcy Code. 11 U.S.C. 547(b); 4 Collier on Bankruptcy ¶ 547.01 (15th ed. 1983) (hereinafter "Colliers"). In order to establish a voidable preference under section 547(b), all six elements must exist. In re Kelley, 3 B.R. 651 (Bkrtcy.E.D. Tenn.1980). Under the facts at bar, there is no dispute that the debtors made a transfer of property to Distributors for an antecedent debt owed by the debtors which enabled *798 Distributors to receive more than if the transfer had not been made and the case were a liquidation case. The dispute centers on whether the debtors were insolvent when the transfer was made and whether the transfer occurred on or within ninety days of the date the petition was filed.
There is a presumption of insolvency under section 547(f) whereby "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date . . . of the petition." This presumption may be rebutted if the creditor shows that the debtor's assets were greater than its liabilities. Colliers ¶ 547.26. Distributors attempted to rebut the presumption by providing evidence that only one installment was due on a particular note and that the total liabilities of the debtors would only include the amount of the current installment and not the total indebtedness of the note which was not yet due and payable. If the Court were to abandon common sense as well as acceptable accounting principles and find a debtor solvent when total assets exceed current liabilities, Distributors would meet its burden. However, it is apparent from the facts that the debtors' total liabilities exceeded the debtors' total assets at the time of the transfer and the debtors were insolvent.
The dispute over when the transfer occurred is resolved by first examining the definition of "transfer" provided by the Bankruptcy Code. A transfer occurs when the transfer takes effect between the transferor and the transferee provided that perfection of the transfer occurs within ten days thereafter. 11 U.S.C. § 547(e)(2)(A). The issue of when the transfer of an interest in real property takes effect is governed by state law. A mortgage of real property can be created only by writing, executed with the same formalities required of a grant of real property. S.D.C.L. 44-8-1. A grant takes effect to vest the interest being transferred upon its delivery by the grantor and the date the grant is duly executed is presumed to be the date of delivery. S.D.C.L. 43-4-7. A mortgage is ineffective unless delivered. Cox v. Bowman, 71 S.D. 72, 21 N.W.2d 277 (1945).
The debtors do not contest the fact that they duly executed the mortgage on November 30, 1981, and deposited the mortgage with the United States Postal Service on the same day for delivery to Distributors. The argument of the debtors that the transfer did not occur until receipt of the mortgage document by Distributors on December 7, 1981, is clearly without support of the law. Section 43-4-7 provides for "delivery by the grantor." The statute does not require that the grant be delivered to the grantee, but rather that the grant is delivered by the grantor which makes the transfer effective between the parties. By analogy, the Court finds the same reasoning applicable to mortgages. The debtors delivered the mortgage and effected the transfer between the debtors and Distributors by executing the mortgage and mailing it to Distributors on November 30, 1981. The presumption has not been overcome that the date of execution is the date of delivery and the date of transfer. Such transfer occurred in excess of 90 days prior to the debtors filing their bankruptcy petition on March 4, 1982.
The debtors further contend that on December 8, 1981, when the mortgage was recorded, it became valid against a bona fide purchaser and that was the date the transfer occurred. They conveniently overlook that section 547(e)(2)(A) provides that the date of transfer is determined upon the effectiveness between the debtor and creditor if such transfer is perfected against a bona fide purchaser within ten days thereafter. The perfection date does not determine the date of transfer, only a condition precedent to the validity of the transfer. The transfer was perfected on December 8, 1981, which is within the ten-day requirement of section 547(e)(2)(A).
The alternative argument advanced by the debtors and the trustee is that section 548(a) is applicable to avoid the transfer. Section 548(a)(1) allows the trustee to avoid any transfer of an interest of the debtor in property made within one year *799 before the date of the petition if the debtor made the transfer with the "actual intent to hinder, delay, or defraud" any creditor. 11 U.S.C. § 548(a)(1). The debtors cite this Court's decision in In re Stratton, 8 B.R. 674 (Bkrtcy.S.D.1981), for support of their argument.
The facts in Stratton are almost identical to those of the instant case. Debtors mortgaged their homestead to a creditor to secure a delinquent open account and stop the creditor from pursuing collection action against the debtors. The debtors wanted to continue in business. While this Court held that the transfer was with the intent to hinder, delay or defraud within the meaning of section 548(a)(1), on appeal, the District Court held that "agreeing to a creditor's plan to delay proceedings against the debtor is not `intent to delay' within the meaning of § 548(a)(1)". In re Stratton, 23 B.R. 284 (D.C.S.D.1982). Therefore, the decision by the District Court in Stratton defeats any application of section 548(a)(1) to the case at bar.
Section 548(a)(2)(A) allows the trustee to avoid a transfer if the debtor received less than a reasonably equivalent value in exchange for a transfer and the debtor was insolvent at the time or became insolvent as a result of the transfer. 11 U.S.C. § 548(a)(2). The fact that the debtors were insolvent at the time of the transfer has been determined. Whether the debtors received reasonably equivalent value for the transfer is a matter of law.
For purposes of section 548, "`value' means property, or satisfaction or security of a present or antecedent debt of the debtor . . ." 11 U.S.C. § 548(d)(2)(A). Here the value was the securing of an antecedent debt of the debtor. Whether the value was reasonably equivalent is answered by the fact that absent a promise of forebearance of suit by Distributors, the debtors would not have mortgaged their property. The debtors continued in business while awaiting SBA financing and Distributors made no further attempt to collect the debt. Because the debtors did not receive the anticipated SBA financing and had no alternative except to file bankruptcy does not change the fact that at the time of the transfer the promise of forebearance supported the mortgage in an amount of the debt outstanding. Under these facts, the voluntary forebearance of suit by Distributors was the reasonably equivalent value received by the debtors in exchange for the mortgages and section 548(a)(2) does not apply to avoid such mortgages.
This Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052. Counsel for Distributors shall submit an appropriate order consistent with this opinion denying the avoidance of the transfers within ten (10) days.