In re Garry Lynn JESPERSEN, Debtor.

A. Thomas POKELA, Plaintiff,

v.

BARCLAYS AMERICAN/FINANCIAL, INC., Defendant.

Bankruptcy No. 486–00159.

Adv. No. 486–0060.

United States Bankruptcy Court,
D. South Dakota.

Nov. 25, 1986.

A. THOMAS POKELA, Sioux Falls, S.D., pro se.

Randall B. Blake, Quaintance & Johnson, Sioux Falls, S.D., for defendant.

## MEMORANDUM DECISION

JOHN J. CONNELLY, Bankruptcy Judge, Sitting by Designation.

### INTRODUCTION

This matter is before the Court on a complaint to avoid a preferential transfer filed by Chapter 7 Trustee A. Thomas Pokela ("Trustee") on September 3, 1986. Trustee substantively alleges that: 1) Garry Lynn Jespersen's ("Debtor's") $1,500 payment to Barclays American/Financial, Inc., on an unsecured promissory note 79 days prior to petition filing constitutes a preference as defined by Bankruptcy Code Section 547(b); and 2) If it is a preference, the $1,500 payment is not excepted from "preference" treatment under Bankruptcy Code Section 547(c)(4) because the providing of new unsecured credit (value) was untimely. Attorney Randall B. Blake represents Barclays American/Financial, Inc. ("Barclays"), and the parties presented this matter to the Court on stipulated facts on November 6, 1986.

### BACKGROUND

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on March 20, 1986. According to his schedules, the debtor had $16,605 in liabilities and $1,700 in exempted assets on the petition date.

On December 16, 1985, the debtor, in conjunction with receiving the sum of $1,536.41 from Barclays, executed and delivered an unsecured promissory note in that amount. On December 31, 1985 (79 days prior to the petition filing date), the debtor made a $1,500 payment on this note. Subsequently, on February 14, 1986 (34 days prior to the petition filing date), the debtor received the sum of $1,447.92 from Barclays in the same manner as that in the previous transaction.

## ISSUES

1) Whether the debtor's $1,500 payment to Barclays on an unsecured note 79 days prior to petition filing constitutes a preference as defined by Bankruptcy Code Section 547(b); and 2) If so, whether the $1,500 payment is excepted from "preference" treatment under Bankruptcy Code Section 547(c)(4).

## LAW

### A. FIRST ISSUE

■ As to the first issue, the Court finds that the $1,500 payment by the debtor to Barclays on an unsecured note 79 days prior to petition filing constitutes a preference as defined by Bankruptcy Code Section 547(b) and, therefore, holds that, unless otherwise excepted under Section 547(c)(4), it is avoidable by the Trustee.

Within the context of Section 547(b), the Court has previously explored the preference issue on several occasions. *See In re Ward,* 36 B.R. 794 (Bkrtcy.D.S.D.1984); *In re Hogg,* 35 B.R. 292 (Bkrtcy.D.S.D.1983); *In re Sarkis,* 17 B.R. 174 (Bkrtcy.D.S.D. 1982).

A voidable preference under Bankruptcy Code Section 547(b) exists if all the following elements are established:[1]

(1) There is a "transfer" of the debtor's property;

(2) To or for the benefit of a creditor;

(3) For or on account of an antecedent debt owed by the debtor before such transfer was made;

(4) Made while the debtor was insolvent;[2]

(5) Made on or within 90 days before the date of filing the petition (one year if insider);[3] and

(6) The transfer enables the creditor to receive more than if the case were a liquidation case, the transfer had not been made, and the claims were allowed or disallowed according to the Bankruptcy Code.

In the case at bar, the Court finds: 1) Debtor's $1,500 payment is a "transfer" of the debtor's property; 2) Barclays, who is an unsecured creditor, benefited from the payment; 3) Debtor's payment was made on account of an antecedent debt in that payment was made on a note that he executed 15 days earlier; 4) Debtor was insolvent when the payment was made because this payment was well within the 90 days preceding the petition filing date; 5) Debtor's payment was well within 90 days preceding the petition filing date (79 days); and 6) Barclays received more than it would have received if the case were a liquidation case and the $1,500 payment was not made, because, as an unsecured creditor, it could not have received anything. Based on this, the Court holds that, unless otherwise excepted under Section 547(c)(4), the debtor's $1,500 payment to

---

1. Bankruptcy Code Section 547(b) reads as follows:

   (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider;
   (5) that enables such creditor to receive more than such creditor would receive if—

   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. For purposes of Section 547, a debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of filing of the petition. 11 U.S.C. § 547(f). This presumption may be rebutted if the creditor shows that the debtor's assets were greater than its liabilities. *In re Ward,* 36 B.R. at 798.

3. In determining this 90–day period, the Court counts the day which the transfer is made but excludes the day the petition was filed. *In re Hogg,* 35 B.R. at 297.

Barclays is a voidable preference under Section 547(b).

## B. SECOND ISSUE

■ As to the second issue, the Court finds that Barclays' February 14, 1986, $1,447.92 unsecured loan to the debtor meets the unsecured new value requirements of Bankruptcy Code Section 547(c)(4) and, therefore, holds that Barclays may offset that amount against the otherwise $1,500 preferential transfer. Based on this, Barclays, however, must pay the remaining $52.08 to the Trustee.

Section 547(c)(4) provides:

(c) The trustee may not avoid under this section a transfer—

. . . .

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

11 U.S.C. § 547(c)(4).

For a preferential transfer to be saved from avoidance under Section 547(c)(4), a very clear-cut order of events must have taken place. First, the creditor must have received a transfer which is otherwise avoidable as a preference under Section 547(b). Second, after receiving the preferential transfer, the preferred creditor must advance additional credit to the debtor on an unsecured basis. Third, that additional post-preference unsecured credit must be unpaid in whole or in part as of the date of the filing of the petition. If these three elements are satisfied, the preferred creditor may set off the amount of the post-preference unsecured credit which remains unpaid as of the date of the petition against the amount which the creditor is required to return to the trustee on account of the preferential transfer it received. *In re Almarc Mfg., Inc.*, 62 B.R. 684, 686 (Bkrtcy. N.D.Ill.1986).

Section 547(c)(4) does not codify the "net result" rule. *In re Almarc Mfg., Inc., id.* at 687, *citing as authority, In re Fulghum Construction Co.*, 706 F.2d 171, 173–74 (6th Cir.1983); *Leathers v. Prime Leather Finishes Co.*, 40 B.R. 248, 250 (D.C.D.Me. 1984); *In re Garland*, 19 B.R. 920, 926 (Bkrtcy.E.D.Mo.1982). What this means is that the court *does not* take all preferential transfers received by a creditor during the 90–day (or one-year) period and reduce them by all unpaid unsecured advances which the creditor gave the debtor during that same period for determining what, if anything, the creditor must return to the trustee. *Id.*

With respect to the underlying policy of Section 547(c)(4), Judge Ginsberg, in *In re Almarc Mfg., Inc.*, noted:

Section 547(c)(4) was not enacted to ensure equitable treatment of creditors, but rather is intended to encourage creditors to deal with troubled businesses. (citations and footnotes omitted) The key focus under § 547(c)(4) is to treat fairly a creditor who has replenished the estate after having received a preference. (citations omitted)

*Id.* at 687–88.

In the case at bar, the Trustee contends that, although the $1,447.92 is admittedly an advancement of unsecured "new value," it was untimely for Section 547(c)(4) purposes. As the Court previously held, the debtor's $1,500 payment on December 31, 1985 (transfer date), was a Section 547(b) preference. On February 14, 1986, 45 days after the $1,500 preferential payment, Barclays advanced the debtor $1,447.92 and received no further payment. In view of this scenario, the Court finds that the $1,447.92 was advanced after the date of the preferential transfer and, therefore, holds that Barclays may properly offset that amount against the $1,500. Barclays, however, must pay the remaining $52.08 to the Trustee.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions

of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and F.R.Civ.P. 52. Counsel for Barclays is directed to submit a proposed order and judgment in accordance with Bankr.R.P. 9021.