In re Ralph/Susan **TRENTMAN,**
Debtors.

Ralph/Susan Trentman, Plaintiffs,

v.

**Meritech Mortgage Services, Defendant.**

No. 01–3042.

United States Bankruptcy Court,
N.D. Ohio.

March 22, 2002.

**134**

Randy L. Reeves, Lima, OH, for Plaintiff.

David A. Freeburg, Cleveland, OH, Roger W. Goranson, Goranson & Goranson, Toledo, OH, for Defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

In the present adversary proceeding, the Plaintiffs seek to avoid a mortgage interest which is now held by the Defendant, Meritech Mortgage Services, Inc. In support of their Complaint, the Plaintiffs allege that this mortgage was improperly executed under Ohio law, and thus is avoidable pursuant to § 544 of the Bankruptcy Code. On the applicability of § 544, the Defendant, in addition to denying the improper execution of its mortgage, raised certain legal defenses which were presented to the Court by way of a Motion for Summary Judgment and Memorandum in Support. No response to this Motion, however, was filed by the Plaintiffs.

With regards to the Defendant's Motion for Summary Judgment, these uncontested facts were presented to the Court:

On August 18, 1998, the Plaintiffs executed a note in favor of the Assurance Mortgage Corporation in the amount of $62,850.00. As security for this obligation, a mortgage was executed in favor of the Assurance Mortgage Corporation on certain real property owned by the Plaintiffs.

The mortgage granted by the Plaintiffs to the Assurance Mortgage Corporation was thereafter assigned to the Chase Bank of Texas and is now being serviced by the Defendant, Meritech Mortgage. On November 29, 1999, an action to foreclose on the real property secured by the Defendant's mortgage was initiated in the Allen County Court of Common Pleas.

On January 13, 2000, the Plaintiffs filed a voluntary petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code.

### DISCUSSION

██ The Plaintiffs' Complaint to avoid the Defendant's mortgage interest in their real property is premised on the applicability of § 544(a)(3). As its first defense to the applicability of this section, the Defendant argues that the Plaintiffs, in their capacity as debtors, do not have any standing to bring a complaint under this section. As the Defendant has raised this defense through the filing of a Motion for Summary Judgment, the Court can only find for the Defendant if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Bank.R.Civ.P. 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

██ Section 544(a)(3), by its specific language, limits its applicability to the bankruptcy trustee. Specifically, § 544(a)(3) states, in part, that:

The *trustee* shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser . . . .

(emphasis added). Thus, under this section a bankruptcy trustee may avoid any unrecorded or undisclosed interests in property if a bona fide purchaser would have prevailed over that interest. *Hunter v. Bank of New York (In re Anderson)*, 266 B.R. 128, 132 (Bankr.N.D.Ohio 2001). However, provided that its conditions are met, § 522(h) also permits a debtor to exercise those avoiding powers conferred upon the bankruptcy trustee by § 544; this section provides, in relevant part, that:

(h) The *debtor* may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under *subsection (g)(1)* of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section *544*, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

(emphasis added). The explicit language of this section, however, clearly shows that a debtor may only exercise a trustee's avoiding under § 544(a)(3) to the extent

that the debtor could have exempted such property under subsection (g)(1) of § 522. This provision, in turn, provides that:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was *not a voluntary* transfer of such property by the debtor[.]

(emphasis added). Thus, taken together these provisions provide a debtor with the standing to avoid a transfer of property under § 544 if four conditions are met: (1) the bankruptcy trustee does not attempt to avoid the transfer; (2) the debtor could have exempted the property; (3) the debtor did not conceal the property; and (4) the debtor did not voluntarily transfer the property. *Echoles v. Transamerica Financial Services (In re Echoles)*, 21 B.R. 280, 281 (Bankr.D.Ariz.1982); *In re Corwin*, 135 B.R. 922, 923 (Bankr.S.D.Fla. 1992). With regards to these conditions, the only issue presented in this case is whether the mortgage granted by the Plaintiffs constitutes an involuntary transfer of property for purposes of § 522(g)(1)(A).

██ In Ohio, a mortgage has been described as this: "A mortgage is a conveyance of property to secure the performance of some obligation, usually a debt. The mortgage is given to enable the mortgagee to enforce performance of the mortgagor's obligation." *Hembree v. Mid–America Fed. S. & L. Assn.*, 64 Ohio App.3d 144, at 151–152, 580 N.E.2d 1103 (1989). Given this description, it is apparent that the creation of a mortgage, by its very nature, requires a willful—i.e., voli-

tional—act on the part debtor/mortgagor. As a result, the general rule is that a debtor who grants a mortgage on his or her property is not thereafter entitled to avoid that mortgage through the exercising of the trustee's avoiding powers under § 522. *See, e.g., Ward v. Building Material Distrib. (In re Ward),* 36 B.R. 794, 796–97 (Bankr.D.S.D.1984) (a mortgage is a voluntary transfer, as opposed to a lien created by operation of law or the fixing of a judicial lien). Such a rule is clearly grounded in common sense as to permit a debtor, who willingly mortgages his or her property, the power to later avoid that mortgage would permit that debtor to receive a windfall.

Nevertheless, this does not mean that in all instances the transfer of a mortgage is voluntary for purposes of paragraphs (h) and (g) of § 522. Instead, there is authority which holds that where a creditor has through fraud or other deceitful means concealed or otherwise failed to inform a debtor of essential facts concerning a mortgage, the transfer may be found to be involuntary. *Reaves v. Sunset Branch, National Bank (In re Reaves),* 8 B.R. 177, 181 (Bankr.D.S.D.1981) (debtor coerced into granting mortgage). The record in this case, however, is completely devoid of any fraudulent acts on the part of the Defendant or any previous assignors of the Defendant. Accordingly, in the absence of any such evidence, the Court must find that the Plaintiffs, for purposes of paragraphs (h) and (g) of § 522, voluntarily conveyed their mortgage interest in their property. As a result, it is the decision of this Court that the Plaintiffs lack standing to avoid the mortgage held by the Defendant. Given this decision, the Court at this time declines to address the other legal issues raised by the Defendant.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment filed by the Defendant, Meritech Mortgage Services, Inc., be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that the Complaint of the Plaintiffs, Ralph Trentman and Susan Trentman, be, and is hereby, DISMISSED.