*275
 
 Barlow, J.
 

 When the defendants, Janies Gottlieb Urban and Charlotte Urban, his wife, executed the chattel mortgage to the plaintiff, Henry Charnesky, on June 7, 1941, this established a lien in favor of the plaintiff on the automobile described in the mortgage. The failure to properly record the mortgage in Michigan, where defendants resided, and failure to file it in Wisconsin when they moved to Wisconsin did not affect the validity of the mortgage between the parties.
 
 Manson v. Phoenix Ins. Co.
 
 (1885) 64 Wis. 26, 24 N. W. 407. This mortgage continued in full force and effect and could have been enforced by the plaintiff at any time prior to the filing of the petitions in bankruptcy by the defendants. When the defendants were adjudicated bankrupts the right to the nonexempt property passed to the trustee. The automobile having a value in excess of $400 was partially exempt and partially nonexempt under sec. 272.19 (2), Stats., which reads as follows:
 

 “If the property seized is an automobile used in carrying on the debtor’s trade or business but is appraised and can be sold for more than four hundred dollars, the officer may sell such automobile and out of the proceeds of such sale he shall pay to the debtor or his wife the sum of four hundred dollars. The balance of the proceeds of such sale shall be applied on the execution or attachment.”
 

 In administering the estate of a bankrupt it is the policy of the Bankruptcy Act to respect state exemption laws. Bankruptcy Act, sec. 6; 11 USCA, sec. 24;
 
 White v. Stump,
 
 266 U. S. 310, 45 Sup. Ct. 103, 69 L. Ed. 301.
 

 When the trustee took possession of the automobile he did so subject to the rights of the owner under sec. 272.19 (2), Stats., and his possession in no way affected the rights of this plaintiff against defendants’ exempt interest in the property. The lien of the mortgagee was still valid as between the mort
 
 *276
 
 gagor and mortgagee. If the value of the automobile had not exceeded $400 and it had been set off to the defendants as exempt property no one would question the right of this plaintiff to enforce his lien under the mortgage. Defendants contend that when plaintiff attempted to establish his lien and right of possession in bankruptcy court and the court held in
 
 In re Urban
 
 (7th Cir.), 136 Fed. (2d) 296, 298, that the plaintiff had no lien or right of possession as against the trustee and creditors in bankruptcy, the lien rights of this plaintiff were fully determined and are now
 
 res judicata.
 
 We do not consider that the court so held. The only question passed upon by the court was the effect of the chattel mortgage on nonexempt property. This is shown by the following language in the decision :
 

 “If creditors have claims against the exempt property, the bankruptcy court is not open to litigate such rights. The bankruptcy court has only jurisdiction to set off the exemption to which a claim is made and to which the bankrupt is entitled. No interest in that property passes to the trustee, and the exempt property is no part of the assets of the bankrupt’s estate subject to administration in the bankruptcy court. If the creditor has any rights against such property claimed and set off tO' the bankrupt as exempt, the courts of the state are the proper forum to litigate such claims.
 
 Lockwood v. Exchange Bank,
 
 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061;
 
 Stein v. Bostian
 
 (8th Cir.), 133 Fed. (2d) 586, 589.”
 

 The court simply said that the question of the lien rights as to exempt property between these parties was a matter for the state courts.
 

 This leaves the automobile in the possession of the trustee with the bankrupts’ creditors, bankrupts, and mortgagee all having an interest in it. Under the state statute the trustee has authority to sell the property free and clear of incum-brance, which he did. Sec. 272.19 (2), Stats,, provides the procedure to be followed, which is by sale of the automobile and from the proceeds pay to the debtor or his wife the
 
 *277
 
 sum of $400 and the balance in this instance would be retained by the trustee in bankruptcy. The mortgagee had an interest in the bankrupts’ exemption. Defendants contend that if plaintiff had any right he should have objected to defendants’ discharge in bankruptcy and then established his right by proceeding in the state courts, citing
 
 Lockwood v. Exchange Bank
 
 (Ga. 1903), 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, and In
 
 re Nixon
 
 (D. C. 1929), 34 Fed. (2d) 667. This rule applies particularly where the lien, such as a purchase-money lien on exempt property, does not exist until it is established in a state court. Plaintiff could well have followed this procedure, but his failure to do so does not defeat his right. At all times he had an established lien on bankrupts’ exempt interest in the automobile. The referee in bankruptcy had authority to sell the automobile for the purpose of obtaining the value of the nonexempt interest. In making the sale he could convey all rights of the bankrupts and the mortgagee in their exempt interest in the property and place in lieu thereof the sum of $400. Neither the trustee nor the bankruptcy court had any title or interest in this' exempt fund, but this does not mean that the mortgagee does not have a lien on the fund which by law is determined to be in lieu of the exempt interest in the automobile. Defendants contend that by their discharge in bankruptcy they are discharged from any debt to the plaintiff. This is true where plaintiff is seeking a personal judgment, but it does not prevent enforcement of a lien which the statute permits where it does not involve a judgment
 
 in personam. Bank of Commerce v. Elliott
 
 (1901), 109 Wis. 648, 85 N. W. 417, and cases therein cited. This must necessarily be true or the mortgagee could not foreclose wholly exempt property of the bankrupt after debtor was discharged in bankruptcy.
 

 This is an action in equity to enforce a lien. Under the chattel mortgage there was a valid lien against the defendants’ exempt interest in the automobile. By lawful process $400 in cash was substituted for this exemption, to which in
 
 *274
 
 equity the lien would apply. The exemption of $400 was set aside and awarded to the defendants by the referee in bankruptcy on the same day he approved the order of sale of the automobile. Under these facts it is considered that the court had a right to conclude that the $400 exemption was left in the automobile, and if so that the lien applied.
 

 By the Court.
 
 — Judgment affirmed.