In re D. Lee DE SHONG, Debtor.

BANK OF DELAWARE, Plaintiff,

v.

D. Lee DE SHONG and Patrick Scanlon, Trustee, Defendants.

Bankruptcy No. 80–355.
Adv. No. 80–87.

United States Bankruptcy Court,
D. Delaware.

Sept. 22, 1981.

Eric M. Doroshow, Wilmington, Del., for debtor.

---

Patrick Scanlon, Dover, Del., trustee.

## MEMORANDUM OPINION

BALICK, Bankruptcy Judge.

This is a motion for summary judgment. The parties have stipulated to the following facts: On October 1, 1980 the debtor executed a contract to purchase a 1978 Mustang from Van Chevrolet; the contract was assigned to Bank of Delaware; the debtor filed his petition in bankruptcy on October 7, 1980; the Bank perfected its lien on October 30, 1980; and the lien can be avoided by the trustee under 11 U.S.C. § 547(b) (the preference section). The record reflects the additional fact that the debtor filed an amended Schedule B–4 to claim as exempt property under 11 U.S.C. § 522(d)(1) and (5) a 1978 Mustang valued at $4,050.

The only issue presently before the court is "who gets the vehicle—debtor or trustee?" The pertinent sections of the Code are 522(b), (d) and (g), 541, 544, 547 and 551.

The commencement of a bankruptcy case creates an estate composed of all property of the debtor (§ 541). From this estate, a debtor is permitted under § 522(b) to exempt certain property. This debtor had the choice of selecting the federal or the state exemptions and selected the federal exemptions of § 522(d). Subsections (1) and (5) provide that only the value of debtor's interest may be exempted.

By virtue of § 544 the trustee takes property before an unperfected secured party. The Bank failed to perfect its security interest before debtor filed his bankruptcy petition and has further agreed that its subsequent perfection is avoidable by the trustee under § 547. Section 551 provides for an automatic preservation of an avoided transfer. So, the security interest given by the debtor to the Bank has been retained for the benefit of the estate.

Under § 522(g)(1) and (2) a debtor is entitled to exempt property recovered by a trustee under § 551 only if certain conditions are met. The debtor cannot meet either of those conditions. First, his purchase of the automobile and the giving of the security interest was a voluntary transfer. Second, he cannot avoid under 522(f)(2) a purchase-money security interest in an automobile.

Thus, the trustee is entitled to the 1978 Mustang subject to the debtor's equity, if any.