In the Matter of Robert J. SMITH, and Susan E. Smith, a/k/a Mr. P., Ltd. d/b/a Sonny's Restaurant, Debtors.

Clifton G. OWENS, Trustee of Robert J. Smith and Susan E. Smith, Plaintiff,

v.

NATIONAL BOULEVARD BANK and Robert J. Smith and Susan E. Smith, Defendants.

Bankruptcy No. 80–02233; Adv. No. 81–0465.

United States Bankruptcy Court, E. D. Wisconsin.

Dec. 17, 1981.

R. Arthur Ludwig, Ludwig & Shlimovitz, S. C., Milwaukee, Wis., for trustee.

Randall D. Crocker, Lichtsinn, Haensel, Bastian & Erchul, S. C., Milwaukee, Wis., for debtors.

## MEMORANDUM DECISION

C. N. CLEVERT, Bankruptcy Judge.

In this case the issue is whether the debtors are entitled to exempt property of the bankruptcy estate which the trustee recovered by avoiding an unperfected purchase money lien on restaurant equipment and fixtures pursuant to 11 U.S.C. § 544.

The facts may be summarized as follows: The debtors, operators of two Milwaukee, Wisconsin restaurants, filed a joint voluntary Chapter 11 petition on September 16, 1980. The case was later converted to a liquidation case under Chapter 7 of the Bankruptcy Code and the trustee sold certain restaurant equipment and fixtures for the net sum of $17,991.57 notwithstanding the debtors' claimed exemption in that property in the amount of $14,950.00. The National Boulevard Bank of Chicago, Illinois also claimed a purchase money security interest in the equipment and fixtures aris-

ing from a February, 1979, installment sales and security agreement with the debtors. However, the Bank failed to perfect its lien on the fixtures and equipment by filing a financing statement in the Wisconsin Secretary of States office as required by Chapter 409 of the Wisconsin Statutes. Therefore, the trustee brought this lawsuit and obtained a default judgment against the Bank, avoiding its lien and preserving it for the benefit of creditors pursuant to 11 U.S.C. § 551, and challenging the debtors claimed exemption. Thus, the issue left for decision in this case is whether the debtors are entitled to exempt any portion of the $17,991.57 received by the trustee upon the sale of the restaurant equipment and fixtures.

■ This issue was decided by Bankruptcy Judge Howard Hilgendorf in *In re Robert and Correll Lamping*, 8 B.R. 709 (Bkrtcy.E.D.Wis.1981). See e.g., *Bank of Delaware v. De Shong* (In re De Shong) 14 B.R. 179 (Bkrtcy.D.Dd.); *Styler v. Local Loan Financial Services* (In re Lanctot), 6 B.R. 576, 6 BCD 1208 (Bkrtcy.Utah 1980); *In re Morgan*, 6 B.R. 701, 6 BCD 1202 (Bkrtcy.M.D.Tenn.1980). Judge Hilgendorf held that the Lampings were not entitled to claim a $1,200 Federal exemption in an automobile or the proceeds of sale after the trustee avoided a consensual lien on the vehicle pursuant to 11 U.S.C. § 544.

The facts in this case leads to the same conclusion. The Smiths financed the purchase of their restaurant fixtures and equipment and granted the Bank a lien to secure the obligation. Therefore, they may not utilize § 522(i)(2) of the Bankruptcy Code to exempt the property recovered by the trustee.

The lien the Smiths gave to the National Boulevard Bank was a voluntary transfer. 11 U.S.C. § 101(40); see also, *In re Saberman*, 3 B.R. 316, 1 CBC 2nd 671 (Bkrtcy.N.D.Ill.1980). Therefore, they may not exempt the subject property under § 522(g)(1). Furthermore, they are not entitled to an exemption under § 522(g)(2) since a purchase money security interest is a nonjudicial lien which may not be avoided

under § 522(f) of the Bankruptcy Code. It follows that the debtors failure to qualify for an exemption under § 522(f) and § 522(g) prevents them from benefitting from the lien avoided by the trustee.

■ The debtors argued in their brief that the Bank's unperfected lien was invalid upon the filing of their Chapter 11 petition so there is nothing for the trustee to preserve for the benefit of creditors in this case. That argument is unsupported. Under § 409.301(1)(b) of the Wisconsin Statutes an unperfected security interest in personal property is subordinate to the interest of a person who becomes a lien creditor prior to perfection. However, an unperfected security interest is still valid against persons such as the debtors in this case.

> Perfection of an interest is important only to insure priority of the lien over intervening third parties. The absence of perfection does not affect, however, the enforceability of the lien against the parties to the transaction. Thus, even without a subsequent filing to perfect the security interest, the security interest became valid and enforceable . . ., from the date on which the last of the . . . requirements for attachment occurred. *Styler v. Local Loan Financial Services*, 6 B.R. at 577, 6 BCD at 1209.

The Wisconsin Supreme Court reached the same conclusion in *Charnesky v. Urban*, 245 Wis. 268, 14 N.W.2d 161 (1944).

This court notes that Congress consciously endowed debtors with avoidance powers under the Bankruptcy Code which were unavailable under § 6 of the Bankruptcy Act of 1898 (former 11 U.S.C. § 24). However, nothing in § 522 empowers a debtor to avoid a consensual lien. It would not be consistent in this context to place the burden on the trustee to avoid an unperfected lien only to have the debtor exempt the property.

Should this court rule that the debtors may claim the subject sale proceeds exempt, the result would be of no benefit to the debtors or the bankruptcy estate and would undermine the goals of the bankruptcy laws.

In view of the foregoing, which constitutes my findings of fact and conclusions of law in accordance with Rule 752 of the Federal Rules of Bankruptcy Procedure, the trustee is entitled to a judgment denying the debtors claimed $14,950.00 exemption from the proceeds received from the sale of equipment and fixtures removed from their restaurant located at 7630 West Bluemound Road, Milwaukee, Wisconsin.