In re James Allen **JOHNSON**, Ind. & f/d/b/a a partner in the partnership of Mastercraft Tool & Die and Donna Jane Johnson, Debtors.

Larry **STEWART**, Trustee, Plaintiff,

v.

The **FARMERS BANK**, Defendant.

Bankruptcy No. 382–00897.
Adv. No. 382–0680.

United States Bankruptcy Court,
M.D. Tennessee.

April 4, 1984.

D. Reed Houk, Donelson, Stokes & Bartholomew, Nashville, Tenn., for trustee.

John R. Phillips, Jr., Phillips & Ingrum, Gallatin, Tenn., for The Farmers Bank.

J.K. Woodard, Madison, Tenn., for debtors.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The trustee seeks a declaratory judgment of entitlement to the proceeds from the sale of the debtors' land. The issues are: (1) whether postpetition perfection of the bank's security interest by payment of state recordation taxes and statutory penalties relates back to perfection of the original deed of trust to protect the bank's security interest from avoidance by the trustee; and (2) if the bank's security interest is avoided by the trustee, whether the debtors can claim an exemption in the sale proceeds. The court finds that the bank's postpetition payment of recordation taxes and penalties did not perfect a security interest superior to the trustee, and the debtors have no exemptable interest in the sale proceeds.

The following constitute findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

The facts are not disputed. On April 24, 1979, James Allen Johnson and Donna Jane Johnson ("debtors") borrowed $15,000 from The Farmers Bank ("Bank"). The loan was secured by a deed of trust on real property. The deed of trust was recorded on June 13, 1979 and the required state recordation tax was paid on the $15,000 indebtedness. The debtors thereafter obtained two additional loans from the Bank in the principal amounts of $10,116.66 on July 1, 1980 and $8,289.84 on February 20, 1981. The two subsequent loans were secured by the same real property and there is an undisputed future advances clause[1] in the original deed of trust. The Bank did

not pay the state recordation tax on the additional indebtedness.

On March 23, 1982, the debtors filed a voluntary Chapter 7 petition. The debtors scheduled the Bank as a secured creditor holding a claim of $42,493.44. On April 9, 1982, after receiving notice of the pending bankruptcy, the Bank paid the recordation tax and a double tax penalty on the additional $27,000 indebtedness.

The real estate was sold at auction in August of 1982 for $27,000. The Bank received the principal and interest owing on the original $15,000 loan. The surplus $5,735.15 has been held by the trustee in an interest-bearing escrow account. The trustee filed this complaint for a declaratory judgment on October 12, 1982.[2]

## I. POSTPETITION PAYMENT OF RECORDATION TAXES

■ The Bank's failure to pay recordation tax on the future advances renders the Bank unperfected on the date of the petition in any amount above the original $15,000 indebtedness. T.C.A. § 67–4–409(b) requires that a recordation tax be paid before a deed of trust may be recorded to perfect a security interest in real property:

(b) MORTGAGES, DEEDS OF TRUST AND OTHER INSTRUMENTS. Prior to the public recordation of any instrument evidencing an indebtedness, including but not limited to mortgages, deeds of trust, conditional sales contracts, financing statements contemplated by the Uniform Commercial Code and liens on personalty, other than on motor vehicles, there shall be paid a tax, for state purposes only, of ten cents (10¢) on each one hundred dollars ($100) or major fraction thereof of the indebtedness so evidenced.

On similar facts, the Tennessee courts have recognized that payment of the recording

---

1. We have addressed the enforceability of such clauses in *In re Bates,* 35 B.R. 475, 478 (Bkrtcy. M.D.Tenn.1983) and *Third National Bank v. Johnson,* 9 B.R. 713, 715 (Bkrtcy.M.D.Tenn. 1981).

2. This matter was pretried on February 9, 1983 and the parties were directed to file briefs on or before March 28, 1983. Neither party filed a brief and the matter remained dormant until discovered in a year-end review. The parties subsequently submitted the required briefs on January 31, 1984.

tax is a prerequisite to perfection of a security interest. The Tennessee Court of Appeals after exhaustive analysis of legislative history, Tennessee case law, case law from other jurisdictions and underlying policy considerations in *American City Bank v. Western Auto Supply Co.*, 631 S.W.2d 410, 422–423 (Tenn.Ct.App.1981) concluded that:

> We believe that in Tennessee no one may claim to be perfected by the filing of a security interest for any amount in excess of the privilege tax paid upon that filing. The payment of the privilege tax on filing financing statements is a condition precedent to filing. ... The effect of the failure to pay the tax is clear on the face of T.C.A. § 67–4102, which expressly declares that a filing is *prohibited* unless the tax first be paid. As a result, *we believe that the effectiveness of any financing statement as an instrument of priority is limited in that respect to the amount upon which the privilege tax is paid. Beyond that it is a nullity.* (emphasis added).

*See also HGS Technical Associates, Inc.*, 14 U.C.C.REP. 237 (E.D.Tenn.1972) *aff'd*, 14 U.C.C.REP. 247 (E.D.Tenn.1973) (security interest limited to amount of indebtedness reflected on financing statement); *Jackson County Bank v. Ford Motor Credit Co.*, 488 F.Supp. 1001, 1009 (M.D.

Tenn.1980) (failure to pay recordation tax caused contract to be illegal and unenforceable).[3] A bankruptcy trustee's lien creditor status on the date of the petition defeats the interests of the holder of an unperfected security interest. 11 U.S.C.A. § 544(a) (West 1979).

The Bank cannot claim the benefit of any "good faith" exception to the recording tax requirement. The Bank asserts that *Commerce Union Bank v. Possum Holler, Inc.*, 620 S.W.2d 487 (Tenn.1981) created a "good faith" exception to excuse noncompliance with the recordation statute. The Bank argues that it acted in "good faith" by paying the tax in April of 1982 and should receive priority over the trustee. In *Possum Holler*, a bank made a series of loans and paid the required recordation tax on each transaction. The bank actually overpaid the required tax because of the consolidated nature of the loan arrangements. Several of the loans, however, were made after a state tax lien had been imposed on the collateral. The Commissioner of Revenue argued that the bank's security interest was limited to the amount on which the recording tax had been paid before the state's lien attached. The Tennessee Supreme Court rejected the state's argument and held that the payment of recordation tax contemporaneously with

---

**3.** The *Jackson County Bank* holding that a security interest upon which the proper tax has not been paid is void and illegal is questionable after the Tennessee Supreme Court's interpretation of the recordation tax statute in *Commerce Union Bank v. Possum Holler, Inc.*, 620 S.W.2d 487 (Tenn.1981). The two opinions are, however, reconcilable. The court noted in *Possum Holler* that:

> Our holding is an implicit rejection of the rationale employed in *Jackson County Bank* to the effect that a security agreement is an illegal contract to the extent it secures advances in excess of the amount upon which the tax was paid. We do not intend to intimate, however, whether or not if faced with the same facts as *Jackson County Bank* we might reach on other grounds the same result reached by the Federal District Court.

*Commerce Union Bank v. Possum Holler, Inc.*, 620 S.W.2d at 492 n. 5. The Tennessee Court of Appeals has also noted the complimentary aspects of the opinions:

> We do agree with defendant's interpretation that our supreme court is unwiling to say that when less than the full amount of tax is paid it will not deem the contract to be illegal, as did Judge Morton in *Jackson County Bank, supra*. However, we do not read *Possum Holler* to say that when the first secured creditor only alleges a security interest of a specified amount and pays the privilege tax thereon, that a bona fide second secured creditor who pays the proper tax is not entitled to priority above the maximum amount upon which the first secured creditor pays the tax. To the contrary, it seems to us that the supreme court is suggesting that if the proper tax is not paid and there is no excuse for non-payment ... that the *Jackson County Bank* result is likely correct.

*American City Bank v. Western Auto Supply Co.*, 631 S.W.2d at 432.

the giving of future advances, despite the intervention of a state tax lien, created a security interest superior to the intervening tax lien. Without specifying whether the perfection "related back" to the original loan, the court held that the payment of taxes simultaneously with the giving of future advances, allowed the bank to be continuously perfected from the date of the first loan. In the instant case, the Bank did not make a contemporaneous effort to comply with the recordation statute. The Bank did not pay even a portion of the tax at the time of making additional loans but waited 22 months on one advance and 14 months on the other before paying the required tax. Even then, the tax was not paid until after receiving notice of the bankruptcy.[4] On these facts it cannot be said that the Tennessee courts would afford the Bank the special considerations found in *Possum Holler.*

The "escape hatch" provisions of T.C.A. § 67–4–217 are no help to the Bank's position. The Bank argues that T.C.A. § 67–4–217 allows the late payment of taxes and statutory penalties to remedy previous noncompliance and protect otherwise valid security interests.

T.C.A. § 67–4–217 provides:

No contract heretofore made, or hereafter made, by persons engaged in a business or occupation subject to a license or privilege tax, under this part and parts 3–6 of this chapter or any other act, shall be invalid or unenforceable in the courts because of the failure of such person to have paid such license tax at the time such contract was made or was performed; provided, that such person shall prior to the date of adjudication in the court of original jurisdiction pay double the tax due at the time the contract was made and in addition thereto the penalty prescribed by law.

The Bank contends that this section limits the trustee's avoiding powers as provided by 11 U.S.C.A. § 546(b) (West 1979):

(b) The rights and powers of the trustee under section 544 ... of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection.

By its terms T.C.A. § 67–4–217 does not have the profound effect offered by the Bank. The section is titled "contracts by unlicensed persons" and merely allows the parties to a contract to cure an illegality caused by failure to pay appropriate taxes in order that otherwise valid contracts may be enforced *between the parties.* T.C.A. § 67–4–217 does not purport to create a special "relation back" period to extend perfection for security interests. The statute does not address perfection or priorities of security interests and cannot be used to elevate the priority of a creditor unsecured on the date of the petition.

Section 546(b) is a special limitation on the bankruptcy trustee's avoiding powers which validates specific state statutes allowing a later-perfected security interest to have priority over the bankruptcy trustee. *See, e.g.,* T.C.A. § 47–9–301(2) and T.C.A. § 47–9–312(4) (purchase money security interest has priority if perfected within 20 days after the collateral comes into possession of the debtor). T.C.A. § 67–4–217 does not protect an unsecured creditor on the date of petition from the trustee's avoiding powers under § 544. The United States District Court for the Eastern District of Tennessee recognized this in *Ford Motor Credit Co. v. Ken Gardner Ford Sales, Inc.,* 23 B.R. 743 (E.D.Tenn.1982):

The Tennessee "escape statute" § 67–4015 does not provide that the late payment of the privilege tax acts to perfect a security interest against an earlier interest holder.... In the bankruptcy setting, the trustee's standing as a lien creditor pursuant to 11 U.S.C. § 544 allows him to avoid interests not perfected until after the action has commenced, so pay-

---

4. Although not addressed by the parties, the Bank's postpetition payment of taxes may be a violation of the automatic stay. *See Ford Motor Credit Co. v. Ken Gardner Ford Sales, Inc.,* 10

B.R. 632, 641 (Bkrtcy.E.D.Tenn.1981). 11 U.S.C.A. § 362(a)(4) (West 1979) prohibits any postpetition act to create, perfect or enforce a security interest against property of the estate.

ment of the penalty tax under T.C.A. § 67–4105 after the petition in bankruptcy has been filed is of no effect. *Ford Motor Credit Co. v. Ken Gardner Ford Sales, Inc.*, 23 B.R. at 745–746.

Policy considerations support the conclusion that the Bank's security interest is inferior to the status of the bankruptcy trustee. As the Tennessee Court of Appeals observed:

> As a matter of public policy, those who violate the laws of this state should not be rewarded. No only are the citizens and their state treasury short-changed, but the creditors who pay the required tax are placed at a competitive disadvantage ... Fairness requires that we deny rewards to those who ignore the requirements of obtaining the privilege of filing. Further, the only real way of enforcing this tax is by refusing to give the benefits of priority to those who are found to have not paid it as they should.

*American City Bank v. Western Auto Supply Co.*, 631 S.W.2d at 425. Although the stated result imposes a special burden on creditors engaged in future advances financing, it is not the responsibility of this court to second guess the legislative intent in providing the present procedure:

> To the extent this presents a dilemma it is political, not judicial. The legislature has provided for the privilege of perfecting security interests ... Clearly that body is entitled to prescribe the conditions precedent that must be met to obtain legislatively conferred privileges. To obtain the benefits, creditors must bear the burdens and pay the required tax.

*American City Bank v. Western Auto Supply Co.*, 631 S.W.2d at 425.

For all these reasons, the trustee prevails in his contest with the bank.

## II. THE DEBTORS' EXEMPTION CLAIM

The debtors may not claim an exemption in property recovered by the trustee through avoidance and preservation of a creditor's unperfected security interest. Under 11 U.S.C.A. § 551 (West 1979) the trustee may preserve for the benefit of the estate any transfer avoided under § 544:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

This court has previously noted that:

> A trustee may bring an unperfected secured creditor's interest into the estate pursuant to 11 U.S.C. ... [§ 551] after having successfully pursued his rights under 11 U.S.C. § 544(a), but there is a provision which specifically prohibits a debtor from exempting that interest out of the estate. 11 U.S.C. § 522(g).

*In re Morgan*, 6 B.R. 701, 703 (Bkrtcy.M.D. Tenn.1980). Because the trustee may preserve the secured (but unperfected) interest of the Bank for the benefit of the estate, the debtor does not possess any exemption right in the sale proceeds recovered by the trustee.

Accordingly, the trustee is entitled to the sale proceeds and interest held in escrow.

An appropriate order will be entered.