## In the Matter of William D. CURTIS.

### No. S84–10062.

United States Bankruptcy Court, N.D. Mississippi.

Oct. 10, 1984.

Jacob C. Pongetti, Columbus, Miss., for trustee.

L.W. Brown, Jr., Starkville, Miss. for Curtis.

Betty Morgan Benton, Watkins, Ludlam & Stennis, Jackson, Miss., for Intern. Harvester Credit Corp.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration of the objection to exemption filed by the Trustee, Jacob C. Pongetti, hereinafter referred to as Trustee; all parties being represented by their respective attorneys of record; on proof before the Court; and the Court having heard and considered same, finds as follows, to-wit:

### I.

The Debtor, William D. Curtis, purchased a new 1982 International truck-tractor, VIN 1HTL23278CGA18346, Model COF-9670, from Mid-State Motor Company, Kosciusko, Mississippi, on or about August 2, 1982, for a total purchase price of $89,-750.00. A portion of the purchase price in the sum of $63,500.00, was financed through International Harvester Credit Corporation, hereinafter referred to as IHCC, as evidenced by a Retail Installment Contract, a copy of which was introduced at the hearing as Debtor's Exhibit No. 1. IHCC filed a proof of claim, Trustee's Exhibit No. 1, reflecting that the Debtor owed IHCC at the time of the initiation of this bankruptcy case, i.e., February 17, 1984, the sum of $60,973.00. There is no dispute that the Retail Installment Contract, executed by the Debtor, created a consensual *purchase money security interest*, the significance of which is discussed hereinbelow, in favor of IHCC. On the basis of a complaint filed by the Trustee, this Court rendered a previous opinion, dated August 3, 1984, holding that IHCC had not properly perfected its security interest in the International truck-tractor, and therefore avoided the alleged lien of IHCC in this vehicle in favor of the Trustee's statutory lien, set forth in 11 U.S.C. § 544. The Debtor was directed to turn over the truck-tractor to the Trustee to be administered as property of the estate. The Trustee has proposed that the truck-tractor be sold following the solicitation of sealed bids, although the value of the vehicle has not been conclusively established in a judicial proceeding.

### II.

The Debtor has amended his Schedule B-4 (property claimed as exempt) in an effort to claim an exemption in the sum of $6,000.00, in the International truck-tractor, or the proceeds from the sale of same, pursuant to 11 U.S.C. § 522(d)(5). The Trustee's objection to this proposed exemption has brought on this litigation.

### III.

The first step is to review § 522(d), which states as follows:

> (d) The following property may be exempted under subsection (b)(1) of this section:

> (5) The Debtor's aggregate interest, not to exceed in value $400.00, plus any unused amount of the exemption provided under paragraph (1) of this subsection *in any property*. (emphasis added)

The effect of § 522(d)(5) has been described as a "spillover" exemption. The term "any property" should be liberally construed to permit the total $7,900.00 possible exemption under subsection (d)(5) for one individual ($15,800.00 in the case of a husband and wife) to apply against any property which could be considered property of the estate under 11 U.S.C. § 541. However, the crux of this case is whether the Debtor can take advantage of § 522(d)(5) as to property recovered as a result of the Trustee's avoiding powers. Property recovered in such a manner, i.e., through § 544, is preserved automatically for the benefit of the estate. See 11 U.S.C. § 551.

### IV.

Chief Bankruptcy Judge Thomas W. Lawless provided a very comprehensive

discussion of this issue in *In Re: DiPalma*, 24 B.R. 385, 9 B.C.D. 1131 (Bkrtcy.D. Mass.—1982), where he stated as follows:

"The rights and ability of a debtor to either avoid liens on property claimed as exempt or to claim the benefits of liens avoided by the trustee on exempt property are governed exclusively by 11 USC § 522. Once the lien has been avoided by the trustee, *the debtor must come within one of subsections 522(g) through (i) in order to avoid the operation of § 551.*" (emphasis added)

The second step is to review each of the applicable subsections.

§ 522(g) provides as follows:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

■ Subsection (g) does not apply to the factual circumstances of this case for three reasons. First, the Trustee avoided the lien of IHCC pursuant to 11 U.S.C. § 544 rather than any of the specific Code sections enumerated. Second, the transfer of the property by the Debtor, i.e., the granting of the consensual lien, was a voluntary transfer as opposed to being involuntary. Third, since the security interest was "purchase money", and the lien was not a judicial lien, the Debtor could not have avoided the lien under subsection 522(f)(2).

§ 522(h) provides as follows:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

■ § 522(h) permits the Debtor to avoid certain transfers if the Debtor could have exempted such property under subsection 522(g)(1) and the Trustee does not exercise his avoiding powers. Although the Trustee did, in fact, avoid the lien of IHCC in this case under 11 U.S.C. § 544, which is specifically mentioned in subsection (h) of § 522, the requirements of § 522(g)(1) cannot be met, as mentioned hereinabove, because the lien in favor of IHCC was a consensual lien. In this case, the granting of the security interest, compared to a lien created by operation of law or the fixing of a judicial lien, is clearly to be considered a voluntary transfer. See *Matter of Smith*, 16 B.R. 111 (Bkrtcy. E.D. Wis.—1981), and *Matter of Lamping*, 8 B.R. 709 (E.D.Wis.—1981).

§ 522(i) provides as follows:

(i)(1) If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

(2) Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

■ As mentioned hereinabove, subsection (h) of § 522 is not applicable to the

factual circumstances in this case because of the required interaction with subsection (g)(1). Likewise, § 522(f) is not applicable because the IHCC lien is not a judicial lien and the security interest was "purchase money". For the latter reason, the elements of subsection 522(f)(2)(A), (B), and (C) do not even come into play. For reference purposes, § 522(f) is set forth as follows:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

Judge Lawless appropriately stated in *DiPalma*, supra, 24 B.R. 385, 9 B.C.D., page 1132, the following:

"This somewhat convoluted exemption scheme enables a Debtor to claim the benefits of the trustee's avoidance of unperfected nonpurchase-money security interest if the collateral falls within one of the categories listed under (f)(2)."

Unfortunately for the Debtor in this case, since he cannot come within any of the exceptions provided in § 522(g), (h), or (i), he is unable to benefit measurably by exempting property recovered to the estate by the Trustee's avoiding powers. However, all may not be lost for the Debtor as

we will see when we confront the issue discussed hereinbelow.

## V.

The next question that must be addressed is to what extent does the lien avoidance by the Trustee preclude or limit the Debtor's ability to claim exemptions in the recovered property if the Debtor fails to qualify under § 522(g) through (i). 11 U.S.C. § 551 speaks, although not precisely, to this issue, to-wit:

"Any transfer avoided under § 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under § 506(d) of this title, is preserved for the benefit of the estate *but only with respect to property of the estate.*" (emphasis added)

The notes of the Committee on the Judiciary, Senate Report No. 95–989, U.S. Code Cong. & Admin. News 1978, p. 5787, state that this particular section, as a whole, prevents a junior lienor from improving its position at the expense of the estate when a senior lien is avoided. In this case, the lien of IHCC has never been perfected. On the date of the commencement of this case by the filing of the Debtor's bankruptcy petition, the statutory lien granted to the Trustee pursuant to 11 U.S.C. § 544 became operable. At this moment, IHCC, was placed in the status of a creditor holding a claim, "not" secured by a lien on property in which the estate held an interest. (See § 75–9–301(1)(b), Mississippi Code of 1972, as amended.) Therefore, at the time of filing, the provisions of 11 U.S.C. § 506(a) and (b) became inapplicable to IHCC.

## VI.

Although this Court observes that a potential conflict may ultimately exist between IHCC and the Debtor herein, should the proceeds from the sale of the truck-tractor exceed the sum of $60,973.00, the amount of the IHCC debt at the time of filing, this question does not prohibit the Debtor from claiming an exemption to any excess proceeds under 11 U.S.C. § 522(d)(5). See *In Re: Gorkom*, 4 B.R.

689, 2 C.B.C. 477 (Bkrtcy.D.S.D.—1980) and *In Re· Ford*, 3 B.R. 559 (Bkrtcy.D.Md. —1980). This Court is of the opinion that the avoidance of the lien of IHCC at the commencement of the case precludes IHCC from any rights that it may have as an "over" secured creditor under 11 U.S.C. § 506(b). IHCC might be construed as having a security interest as to the Debtor up to the full amount of the indebtedness owed, including post-petition interest, but no perfected lien exists on any property or the proceeds to be realized therefrom. Parenthetically, the Court notes that there is no provision in the Retail Installment Contract for an award of attorney's fees.

## VII.

Consequently, it is the considered opinion of this Court that the value of the collateral exceeding the amount of the indebtedness to IHCC at the time of the commencement of this case can be claimed as exempt, if appropriately qualified under a provision of § 522(b) or (d). Herein, on the sale of the truck-tractor by the Trustee as proposed, the amount of the sale proceeds realized exceeding the sum of $60,973.00, can be claimed as exempt to the limited extent provided by the "spillover" effect of § 522(d)(5). Any proceeds realized up to $60,973.00, are for the benefit of the estate, and are to be administered and ultimately disbursed according to law for the benefit of all creditors, including IHCC. This Court concludes that the Trustee's avoiding powers in recapturing property for the estate does not convey to the estate a premium over and above the value of the lien avoided at the time of avoidance.

An Order will be entered consistent with this Opinion.