**In re Shirley E. SMITH, Debtor.**

**Louis A. RYEN, As Trustee, Plaintiff,**

**v.**

**MARINE MIDLAND BANK, N.A. and Shirley E. Smith, Defendants.**

**Bankruptcy Nos. 86–21644, 88–2077A.**

United States Bankruptcy Court,
W.D. New York.

Oct. 16, 1989.

---

218

Louis A. Ryen, Rochester, N.Y., Trustee.

Joy Ryen, Harter, Secrest & Emery, Rochester, N.Y., for Marine Midland Bank.

Jacob Welch, Corning, N.Y., for debtor.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter is before the Court on the Chapter 7 trustee's motion for Court approval to compromise his adversary proceeding against Marine Midland Bank, N.A. ("Marine"). The trustee's action, commenced in December, 1988, sought to avoid Marine's security interest in the debtor's 1985 Ford Thunderbird pursuant to Bankruptcy Code § 544.[1] 11 U.S.C. § 544. The motion was heard on June 12, 1989, at which time decision was reserved.

The debtor opposes the trustee's motion to compromise, arguing that it lacks sufficient clarity to give notice of its nature, that it fails to give background information as to the nature of the controversy with Marine, and that it provides no factual basis for the Court's consideration of the proposed $1,500 settlement. The debtor also cross-moves to claim her $2,400 automobile exemption against the proceeds of the settlement, pursuant to New York's exemption statute. N.Y.Debt. & Cred.Law § 282(1) (Consol. 1979 & Supp.1988).

The debtor's contention that the motion is insufficient to give notice of its nature is without merit, as is her contention that the motion fails to give the background of the proceeding. Her objection that the motion provides insufficient facts to support consideration of the proposed compromise has some weight, since the motion does not state the amount of the obligation sought to be compromised for $1,500. However, that information is readily available to the debtor and the Court. The debtor's Schedule A–2, filed with her petition on December 17, 1986, reflected a claim by Marine of "[$]10,000 appro [sic]", secured by the 1985 Thunderbird with a market value of $8,500.

The trustee's motion states that there is some doubt whether Marine's lien would ultimately be found to be unperfected,[2] a finding essential to the success of his § 544 action. Consequently, the trustee recommends accepting the proposed compromise rather than continuing with litigation in which he is not confident of prevailing. The Court accepts the trustee's recommendation.

The issue to be decided, raised in the debtor's cross-motion, is whether the debtor can claim an automobile exemption against the settlement proceeds recovered by the trustee exercising his rights under § 544. The trustee argues that the debtor's exemption claim is precluded by the operation of § 522(g). That section reads in pertinent part:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under sections 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

11 U.S.C. § 522(g).

This debtor may not utilize § 522(g) to claim an exemption in the proceeds of the trustee's § 544 lien avoidance action for three reasons. First, § 522(g) by its terms makes no provision for the debtor to exempt property recovered by the trustee

---

1. According to the motion papers, Marine's lien on the automobile was unperfected. The certificate of title to the automobile reflected a lien by Security Trust Company ("Security"), but no debt was owed Security by the debtor.

2. The trustee states that the alleged filing defect may not have been Marine's fault.

under § 544.[3] *In re Lamping,* 8 B.R. 709, 711 (Bankr.E.D.Wis.1981); *In re Johnson,* 39 B.R. 358, 362 (Bankr.M.D.Tenn.1984); *In re Curtis,* 44 B.R. 416, 418 (Bankr.N.D. Miss.1984).

If, despite its apparent inapplicability, § ·522(g) were applied to the facts in this case, the debtor would fail to satisfy the requirements of § 522(g)(1) so as to claim an exemption. The debtor's grant of a security interest in her automobile to Marine is a "transfer" of property as defined in § 101(50) of the Bankruptcy Code.[4] No facts were presented to persuade the Court that the debtor's transfer of a security interest in her automobile was not voluntary. *See, In re Evingham,* 27 B.R. 128 (Bankr.W.D.N.Y.1983). The two conditions of § 522(g)(1) are joined by the conjunction "and", so that the debtor, although she did not conceal her ownership of the automobile, by voluntarily transferring a security interest in the automobile to Marine, fails the test of § 522(g)(1).

Finally, the debtor may not claim an exemption in the settlement proceeds pursuant to § 522(g)(2), since she could not have avoided the transfer under § 522(g)(2). Automobiles are not listed in § 522(f)(2) as exempt property upon which a debtor may avoid a nonpossessory, nonpurchase-money security interest.[5]

For the reasons set forth above, the trustee's motion for approval to compromise the controversy is granted and the debtor's cross-motion to claim an exemption in the proceeds of the compromise is denied. It is so ordered.

---

3. Numerous cases construing § 522(g) in the context of § 544 lien avoidance by a trustee ignore this fact and proceed to apply § 522(g). *See, e.g., In re Lanctot,* 6 B.R. 576 (Bankr.D.Utah 1980); *In re Smith,* 16 B.R. 111 (Bankr.E.D.Wis. 1918); *In re Dipalma,* 24 B.R. 385 (Bankr.D. Mass.1982).

4. Section 101(50) provides that "'transfer' means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of dis-

posing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

5. It is likely, although not demonstrated, that Marine had a purchase-money security interest in the automobile, which would further preclude the debtor from claiming an exemption under § 522(f)(2).